May Term,<br>1849.<br>McClay<br>v.<br>The State.

---

## McClay *v.* The State.

When the Court has been requested to give the instructions to the jury in writing, it is erroneous to recapitulate the substance of the testimony verbally, notwithstanding the Court states that the jury should not take its statements.

ERROR to the *Marion* Circuit Court.

Smith, J.—The plaintiff in error was indicted, with three other persons, for obtaining goods by false pretences. Having pleaded "not guilty," he was tried, found guilty, and sentenced to pay a fine of one dollar and to be imprisoned in the state prison at hard labor for the term of two years, motions in arrest of judgment and for a new trial having been overruled.

By a bill of exceptions it appears that at the commencement of the trial, the defendant, by his counsel, requested the Court to reduce to writing the charges or instructions that should be given to the jury. That only one witness was introduced by the prosecutor and eleven witnesses were introduced by the defendant. Some of the defendant's witnesses testified to former statements of the

Saturday,<br>June 16.

May Term,
1849.

McClay
v.
The State.

prosecuting witness conflicting with his testimony in material points.   Some of the defendant's witnesses also testified that the moral character of the prosecuting witness was not good, and that the defendant sustained a good character for morality and honesty in the neighborhood in which he lived.   After the argument of the case had been closed, the president judge told the jury that, in order to call their attention to the evidence of the witnesses, he would "recapitulate substantially the statements of the witnesses as he understood them, but should not undertake to state all that was said by the witnesses," and the jury should not take his statements or recollection of what the witnesses said, but should act upon their own recollection.   The president judge then began to recapitulate, verbally, the testimony of the prosecuting witness, and was interrupted by the defendant's counsel, who objected to any verbal statements being given by the Court to the jury, of what the Court understood the witnesses to state in giving their evidence.   The president judge replied to the defendant's counsel, that he was not giving instructions or charges, but that, on the contrary, the jury was expressly informed that they were not to take his statements of what the witnesses had said unless they so understood the evidence.   He then continued to recapitulate, verbally, the testimony given by the witnesses in relation to the facts charged in the indictment, but did not notice the testimony in relation to the moral character of the prosecuting witness, or to the character of the defendant for morality and honesty.   The examination of the witnesses had occupied about three hours, and the president judge had not, during the trial, taken notes, in writing, of all the testimony given.   After closing this verbal recapitulation of the evidence, the Court gave a charge to the jury in writing, instructing them what proof was necessary to sustain the allegations in the indictment.

It has already been decided by this Court in the case of *Townsend* v. *Doe*, 8 Blackf. 328, that it is error to give instructions to the jury with verbal explanations and illustrations, the opposite party having objected and re-

quired the instructions to be in writing. The statutory provision on this subject is as follows: "Whenever, on the trial of any cause, either party shall object to the Court, or any judge thereof, giving any charge or instruction to the jury, or any modification or explanation of any charge or instruction, unless the same be in writing, such Court or judge shall reduce the matter objected to to writing before giving the same to the jury." R. S. c. 40, s. 326. A recapitulation, substantially, of the statements of the witnesses, omitting some of those statements, and giving for the others the import drawn from them by the Court and not the precise words in which they were detailed, might be so made as very effectively to convey to the jury the opinion of the Court as to the legal effect of the testimony adduced. We therefore think such a recapitulation is within the meaning of the statute above quoted, which is intended to secure to the parties the right and the means to have placed upon the record with certainty and precision, everything which the Court may say to the jury with the view of giving them information upon the points of law involved in the case upon trial. Nor do we think the defendant's right of objecting to such a recapitulation was obviated by the further instruction to the jury that they were not to regard the statements of the Court as to what the witnesses had stated unless they so understood the evidence. If the Court, after objections made, had verbally instructed the jury upon a point of law, and then told the jury not to regard the instruction unless they also understood the law to be as stated by the Court, it would have appeared very much like an evasion of the prohibition by the statute to give verbal instructions in such a case. It is probable there was no intention so to evade the provisions of the statute in the present instance, but the Court, in making the recapitulation, must have intended that it should have some effect upon the minds of the jury, notwithstanding the qualification with which they were told to regard it; and considering the respect and deference with which juries are naturally and properly accustomed to regard any

intimations given by the Court of its opinions upon questions arising during a trial, we think such a recapitulation was calculated to have an effect, and to influence materially the decision of the jury. Intimations of the understanding of the Court as to the statements of the witnesses may be quite as important as any other, especially where, as in the present case, the jury are explicitly told what facts are necessary to sustain a prosecution, and the main question is, whether such facts were proved or not.

*Per Curiam.*—The judgment is reversed, and the verdict set aside. Cause remanded for a new trial.

*L. Barbour*, for the plaintiff.

*W. Quarles*, for the state.