## Ex Parte Maxwell.

A married woman is competent to be appointed guardian, but, before her appointment, it should appear to the Court that her husband consents thereto, and that not only she, but her husband also, is a suitable person to act as guardian.

APPEAL from the *Wayne* Common Pleas.

PERKINS, J.—*William A. Rambo* died, leaving *Miriam A. Rambo*, his widow, and *Naomi C.* and *Francis H. Rambo*, his infant children and heirs, by said *Miriam A.*, surviving him. Subsequently, *Miriam A. Rambo* married *Hugh W. Maxwell*, and thereby became *Miriam A. Maxwell*.

With the consent of her living husband, who also became her surety in a bond tendered to the Court, she applied to the *Wayne* Common Pleas for the guardianship of the persons and property of her two minor children by *Rambo;* but the Court refused to appoint her.

It was in proof that she was intelligent and worthy, but there was no proof as to the character of her husband.

By the common law, as administered in the Chancery and Ecclesiastical Courts, a married woman is not disabled to be an executrix, administratrix, or guardian; though, as such, she may be required to give bond. 2 Story's Eq., secs. 1337 to 1339. 2 Shars. Black. p. 503, and note 15. Reeve's Dom. Relations, p. 122. New Am. Encyclopedia, art. Guardian, 1 Will. on Ex., p. 360. But her husband must consent to her acting in such capacity. Wentworth on Ex., p. 362, *et seq.* 1 Will. on Ex. 295. Will. on Per. Prop. side, p. 255. See *Kettlebas* v. *Gardner*, 1 Paige, Ch. R. 488. *Palmer* v. *Oakley*, 2 Doug. (Mich.) 433. 30 Ala. 613. 29 Miss. (7 Cush.) 195. Our statute touching the capacity of a married woman to act as executrix is simply declaratory of the common law. 2 R. S., p. 484. See p. 486, sec. 10. Touching guardianships, our statute specifies no disabilities. *Id.* 563. Does it not, then, by the ordinary rules of construction, leave the question of competency to the common law? That law requires, in the judgment of the Court, a suitable person. It will occasionally happen, as in this case, that the mother, a married woman, will not only be a suitable, but will, in fact, be peculiarly a proper person to be the guardian of her own children. But she should not be appointed, unless her

husband is also a suitable person to act as guardian; because he may be expected to control, in a great measure, the action of his wife. Nor should he be accepted as her sole surety, even where he is a suitable person to act as guardian, unless his pecuniary resources are ample. In the case at bar, as it was not shown that the husband was a suitable person, the judgment below must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. B.* and *J. F. Julian,* for the appellant.