## Jenkins and Another *v.* Jenkins' Administrator.

ADMINISTRATION—MARRIED WOMEN.—Section 10, 2 G. & H. 486, and section 2, 2 G. & H. 484, taken together, forbid the granting of letters without the husband's consent to a married woman.

SAME.—Sections 22 and 28, 2 G. & H. 491–493, make the marriage of a *feme-sole* administratrix or executrix the cause of removal, unless her husband files his written consent to her continuing as such.

SAME.—The consent, when given, does not make the husband co-administrator. The office remains entire in the wife, and she may sue without joining him.

APPEAL from the *Shelby* Common Pleas.

PERKINS, J.—*Joseph H. Jenkins* died, and his widow, *Martha J. Jenkins,* was appointed administratrix of his estate; and, while such administratrix, she became the payee of notes executed to her, in her representative capacity, by *Henry Jenkins* and another. While thus possessed of

the notes, as administratrix of *Jenkins*, she intermarried with *Joseph Jones*, and thus became *Martha J. Jones*. She has not been removed from her office of administratrix. She commenced this suit in her own name, as administratrix, being the sole plaintiff.

It is contended:

1. That she has not capacity to sue.

2. That if she has, her husband is a necessary party with her.

One section of the probate act provides that letters of administration shall not be granted to a married woman. Sec. 10, 2 G. & H. 486. But another provides, in substance, that such letters shall not be granted to a married woman, unless her husband consent, etc. Sec. 2, p. 584. The two sections, taken together, forbid the granting of letters without the husband's consent, and give him the right to claim that they be issued to him, where, with his consent, they might be issued to his wife. Sec. 10, *supra.*

So sections 22 and 28, 2 G. & H. 491–493, make the marriage of a *feme-sole* administratrix or executrix cause of removal, unless her husband file written consent to her continuing, etc. See *ex parte Maxwell*, 19 Ind. 88.

The consent required of the husband, when given, does not make him a co-administrator. The office remains entire in the wife. She is the administratrix or executrix, as the case may be, and, we think, may sue as such without her husband joining. The code provides, 2 G. & H. 41, that where the action concerns her separate property, the wife may sue alone; and also, *Id.* 37, that an executor or administrator may sue by virtue of the legal title without joining the beneficiary. Now, the legal title to the personal property of the deceased, is in the administratrix or executrix, in a case like the present, as her separate property, as against her husband.

The judgment may be informal in not expressing that the plaintiff recover as administratrix, etc., but the record

shows the true character of the judgment, and clerical errors may be regarded as corrected here, and directed to be so regarded below.

*Per Curiam.*—The judgment is affirmed with one per cent. damages and costs.

*M. M. Ray* and *B. F. Davis,* for appellants.

*E. H. Davis, Cyrus Wright,* and *John C. Green,* for appellee.