J. Gavin and J. R. Coverdill, for the appellee.

Nov. Term,
1855.

THE RISING-
SUN AND
VERSAILLES
TURNPIKE
COMPANY
v.
CONWAY.

---

THE RISING-SUN AND VERSAILLES TURNPIKE COMPANY
v. CONWAY.

When the Court is requested, at the proper time, to give its charge to the jury in writing, the whole charge should be in writing and should be given literally as it is written.

When the evidence is not in the record, a state of facts will be presumed to which the substance of the instructions given to the jury was applicable.

APPEAL from the *Dearborn* Circuit Court.

STUART, J.—This cause was taken by change of venue from the *Ohio* Circuit Court to that of *Dearborn*. *Conway* sued the turnpike company for damages for locating and opening their road through his farm. It is alleged under a *videlicet*, that the road through the farm is two hundred rods long by seventy feet wide. The damages are laid at 300 dollars. The cause was tried by jury. Verdict and judgment for the defendant.

The evidence is not in the record. Two exceptions are taken: one to the manner of giving the charge; the other to the substance of the charge.

The turnpike company requested, at the proper time, that the charge should be in writing. Yet it appears from the bill of exceptions, that the " Court proceeded to charge the jury verbally from the writing laying before it. Upon being reminded that the charge should be in writing, the Court remarked that a part of it was reduced to writing,

Nov. Term,
1855.

THE RISING-
SUN AND
VERSAILLES
TURNPIKE
COMPANY
v.
CONWAY.

and that what had been given should likewise be reduced to writing. Accordingly the charge given verbally was substantially, but not literally, reduced to writing, and then read over again to the jury." To this action of the Court the company excepted, and now assign it for error.

The object of the statute, first enacted in 1839, (Laws of 1839, p. 37,) requiring the charge to be in writing, if so requested, was to present to this Court the ruling below in the very language of that Court. The evil to be remedied was the difficulty, severely felt by the bar, of getting a bill of exceptions which should fully embody the verbal charge. The act should therefore receive such a beneficial construction as should effect the object designed. The words of the Court, on such occasions, are too weighty and decisive in their influence on the jury to be omitted. A particular turn of expression, given perhaps at random, may be decisive of the rights of parties. The proper construction of the statute therefore is, that the whole charge should be in writing; and that it should be given literally as it is thus written. Such seems to have been the construction of the act from the first. 8 Blackf. 328.—1 Ind. R. 385.—5 id. 375.

There is no great hardship in the strictness thus imposed. Its safe and beneficial operation is obvious. Were the rule once relaxed, it is easy to see that the object of the act would be defeated.

As the evidence is not in the record, a state of facts will be presumed to which the substance of the charges was applicable. *Abrams* v. *Smith*, 8 Blackf. 95.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman* and *P. L. Spooner*, for the appellants.

*D. S. Major* and *A. Brower*, for the appellee.