LUNG v. DEAL.

Where a special instruction is asked of the Court, it may be given with an explanation or modification, provided such explanation is reduced to writing; but it is error to give such modification verbally.

APPEAL from the *Carroll* Circuit Court.

*Saturday, June 8.*

DAVISON, J.—*Lung* sued *Deal* before a justice of the peace, alleging in his complaint, that on *February* 9, 1858, the defendant wilfully shot and killed a certain dog, the property of the plaintiff, of the value of $20; for which sum he demands judgment. Before the justice, the plaintiff recovered a judgment, and the defendant appealed. In the Circuit Court there was a verdict for the defendant, upon which, over a motion for a new trial, there was judgment, &c. The plaintiff, at the proper time, moved this instruction: "The defendant had no right to kill the dog, unless he was found running or worrying sheep, or was in the habit of running from home and wandering about without the presence of his master; the master or owner having had due notice of his wandering habits, and had neglected to confine him." The record shows that the Court gave the instruction, "with verbal explanations;" to which the plaintiff excepted. And it further shows, "that the Court was not required by either party to give any of its instructions in writing, except those furnished by the parties." The action of the Court, in giving the instruction *with verbal explanations*, raises the only question in the case. Section 324 of the Practice Act says, *inter alia*, "when the argument of the cause is concluded, the Court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party." And "where either party asks special instructions to be given to the jury, the Court shall either give each instruction as requested, or positively refuse to do so; or give the instruction with a modification, in such manner that it shall distinctly appear what instructions were given in whole or in part, and in like manner those refused, so that either party may except to the instructions as asked for, or as modified, or to the modification, &c." 2 R. S.,

May Term, 1861.

pp. 109, 110. Thus it will be seen, that the Court is not required to reduce to writing its charge to the jury, unless requested to do so by a party to the suit; but where a special instruction is asked, it may be given with an explanation or modification, provided such explanation be reduced to writing. It is error for the Court to give such modification verbally. This construction accords with various decisions of this Court. *Townsend* v. *Chapin*, 8 Blackf. 328; *McClay* v. *The State*, 1 Ind. 385; *Kenworthy* v. *Williams*, 5 Ind. 375; *Rising Sun, &c. Turnpike Co.* v. *Conway*, 7 Ind. 187. Upon these authorities the judgment of the Circuit Court must be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. C. Applegate*, for the appellant.