Riley and Another *v.* Watson.

*N. H. Johnson*, for the appellant.

---

RILEY and Another *v.* WATSON.

When a party, at a proper time, requests the Court to reduce its charge to the jury to writing, it is error to refuse to do so, and charge orally.

An instruction, which refers to the jury the determination of a question of law, is erroneous.

APPEAL from the *Sullivan* Common Pleas.

Riley and Another *v.* Watson.

DAVISON, J.—This was an action by *Watson*, who was the plaintiff, against *Riley* and *Davidson;* commenced before a justice of the peace. The complaint is in this form :

"*Alonzo Riley* and *George Davidson* to *William C. Watson, Dr.*

"*May*, 1859, to money had and received, for his use, of *Archibald Dixon* and *Alexander Barret,* for returning negroes to them, 75 dollars.        WILLIAM C. WATSON."

The justice gave judgment for the defendants, and the plaintiff appealed. In the Common Pleas, to which the cause was taken by appeal, there was a jury trial, which resulted in a verdict, in favor of the plaintiff, for 68 dollars. Motion for a new trial and in arrest, denied and judgment, &c.

During the trial one *Sterret McClelland,* a witness, testified as follows : " On the 10th of *March,* 1859, I was going from my house to the house of a *Mr. Purcell·* when I came near the railroad I discovered five men on the track, and started towards them; three of the men were in front and two were behind; when I got up pretty close I discovered that the three in front were the defendants, *Alonzo Riley* and *George Davidson,* and the plaintiff, *William C. Watson,* and that the two behind were negroes. Just as I came up *Davidson* said, he believed the two negroes coming up were slaves; by this time the negroes were up to us—*Riley* then pulled out an advertisement, and told the negroes that he believed they were runaway slaves. He then read the advertisement, and *Davidson* examined the negroes to see if they were the slaves described. He discovered on the leg of one of them a scar, as pointed out in the advertisement. We all started and went to *Carlisle,* and took the negroes to the Railroad Depot. In going to that place *Riley* took one of the negroes in his buggy, the other rode *Watson's* horse." There was evidence tending to prove that the defendants, *Riley* and *Davidson,* took the negroes from the *Carlisle* depot to *Henderson, Kentucky;* that

*Watson* proposed to go with them; but upon suggestion that his going would be unnecessary, and would materially increase the expense, he declined. It was also proved that *Riley, Davidson* and *Watson,* or either of them, had no power of attorney, or warrant of any kind authorizing the taking and removal of the negroes to *Kentucky.* And further, it was proved that, in taking them to *Henderson,* the defendants' expenses amounted to 20 dollars, and that, upon the delivery of the negroes, they received a reward of 300 dollars. Of this reward the plaintiff, in the present action, claims one-third, after deducting the expenses, &c.

The evidence being closed, the defendants moved the following instructions : "1. Before the jury can find for the plaintiff they must be satisfied that the negroes were slaves. 2. To entitle the plaintiff to recover he must show that the negroes were slaves, and were arrested and returned to their owners in *Kentucky* agreeably to the laws of the *United States* and of this State. 3. If it appears from the evidence that the negroes were taken away in violation of either the laws of this State, or of the *United States,* the plaintiff can not recover any part of the reward for thus taking them away."

These instructions were, severally, refused, and the defendant excepted. This exception is not well taken. The first proposed instruction virtually concedes that the plaintiff and defendants were partners in the transaction of taking and removing the negroes; and that being the case, the plaintiff, upon proof that the reward had been received by the defendants, would be entitled to recover his proportion of it. If the negroes were really not slaves, and proof to that effect was at all material, it was incumbent on the defendants, as matter of defence, to make the proof. 1 Phil. Ev., 4th Am. ed. p. 810 ; note 220 *et seq.* By the second and third instruction the jury are directed to decide a question of law, namely, whether the negroes were removed to *Kentucky* in accordance

with the laws of this State, or of the *United States.* In cases of this sort the jury, as a jury, are not presumed to know the law, and are not, therefore, the proper tribunal to decide it. These instructions, to have been effective, should have assumed, hypothetically, a state of facts pertinent to the case, which, if proved to the satisfaction of the jury, rendered the arrest and removal of the negroes illegal. As they stand they are plainly erroneous, and were correctly refused.

It appears by the record that the defendants, at the opening of the case, and before any evidence was given to the jury, requested the Court to reduce its instructions to writing, but the Court refused to do so; and, after the argument of the cause had been concluded, proceeded to and did, over the defendants' objection, instruct the jury orally. The instructions, thus given, are not set forth in the record, and hence the appellee contends that the alleged error, in giving them, is not available in this Court. We think otherwise. The statute says: "The Court shall give general instructions to the jury, which shall be in writing and be numbered and signed by the judge, if requested by either party." 2 R. S. p. 110. This rule of practice is plainly violated, if the Court, having been properly requested to reduce its charges to writing, proceeds to instruct the jury orally. And as we construe the statute, it renders the action of the Court, in giving the oral instructions, erroneous, without reference to what they may say to the jury; hence it can not be deemed important, in the decision of questions such as the one under consideration, that instructions so given should be set forth in the record.

The Court in its refusal, in this instance, to reduce the instructions to writing, no doubt committed an error, for which the judgment must be reversed.    5 Ind. 375; 7 *id.* 187; 8 Blackf. 328.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*S. Coulson,* for the appellants.

*J. E. McDonald* and *A. L. Roache,* for the appellee.