HEAD AND METZGER v. LANGWORTHY & BROS.

15  235
81  602

1. ORAL INSTRUCTIONS. It is erroneous to orally explain or modify instructions given to a jury.

2. JURY MAY TAKE INSTRUCTION. The jury may take the instruction of the Court with them when they retire to consider upon their verdict.

3. NEW TRIAL: ORAL INSTRUCTION. When the Court orally explained the instructions which were given to the jury, and the appellants, supposing the explanations were in writing, took no exceptions either to the explanations or the manner of giving them, and where, after the verdict was returned, but as soon as the appellant was apprised of the fact that the explanations were not in writing, he moved the Court to grant a new trial on this ground, which motion was sustained by the Court, it was held that the Supreme Court would not interfere with the discretion of the Court below.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 15.

ANSWER of garnishees taken; issue thereon; trial, and verdict for plaintiffs. Defendants moved for a new trial, for the reason, among others, that "the Court charged the jury, partly orally, or gave verbal explanations to the jury of the written charge." An affidavit of defendants' attorney (which is sustained by that of two of the defendants), filed in support of the motion, after setting out the portion of the charge complained of, states: "That, at the time of hearing the above, I supposed that it was embodied by said Court in its written charge; but, on examination of the same, I find that it must have been given orally, or was a verbal explanation of the written charge which was given by said Court. That, on account of supposing that said instruction was embodied in the written instructions, I did not take any exception to said oral charge, but I do so now, at the first opportunity after the decision of said cause." This motion was sustained, upon this ground, and overruled as to all the others.. Plaintiffs appeal.

*J. M. Griffith* and *W. J. Knight* for the appellant, contended, that the appellee was not prejudiced by the oral instruction given, and cannot complain, citing *The State of Iowa* v. *Cooster*, 10 Iowa, 453; *The State* v. *Upton*, 20 Mo., 397; *Vaulx* v. *Campbell*, 8 Id., 224; *Chateau* v. *Uhrig*, 10 Id., 62; *Ridgley* v. *Price*, 16 B. Monr., 416; *Hogell* v. *Lindell*, 10 Mo., 487.

*Weigley & Doud* for the appellee, cited Rev., 1860, § 3057; *Stewart* v. *Stewart*, 2 Monr., 85; *Schumaker et ux.* v. *Gelpcke*, 11 Iowa, 84; *Ruble* v. *McDonald*, 7 Id., 90; *Newell* v. *Sanford*, 10 Id., 396; *Caffrey* v. *Groome*, Id., 548; *Benham* v. *Carey*, 11 Wend., 83; *Doe, ex dem. Gaines et al.,* v. *Buford*, 1 Dana, 481; *Pierson* v. *Baird*, 2 G. Greene, 235.

WRIGHT, J.—Not without much doubt, we have concluded to affirm this judgment.

That it is erroneous to orally explain or modify an instruction asked by either party, we entertain no doubt. It is equally error for the Court, on its own motion, to charge the jury verbally. Such charge must be exclusively in writing. §§ 3057–3060, Rev. of 1860, and see *Stratton* v. *Paul*, 10 Iowa, 139; *Pierson* v. *Baird*, 2 G. Greene, 235. But an error in this respect cannot be assimilated to a matter going to the jurisdiction of the Court; and hence, as claimed by the appellants, there is no analogy between this case and that of *Stewart* v. *Same*, 2 Monr., 85. If a party shall sit by, with a knowledge that the statute is not being complied with, and fail to object or except to this method of charging, we do not think he can afterwards be heard to complain of the same. And certainly, it would not be error if, by consent, all the instructions were oral. And yet, if it was a question of power or jurisdiction, the failure to except could not confer it.

Under our statute, we are of the opinion that the jury have the right to take the instructions given to their room, when they retire for determination.    Section 3068 of the Revision relates alone to the books or papers which have been received in evidence, and was not intended to exclude the instructions given to aid them in the decision of the case.

But appellants claim that the Court below erred in granting a new trial, because there was no exception taken to the action of the Court at the time, and also because the instruction was favorable to appellees, and they should not be allowed to complain.    The second proposition may be conceded without aiding appellants' position; for the more favorable to appellees, the greater the reason for having it reduced to writing and passed to the jury.    They had a right to require that all the instructions given, and it was especially for their interest, that all those which were favorable, should be taken to the jury room.

But no exceptions were taken to the action of the Court; and it is upon this point that we entertain the most doubt. If the motion had been overruled we should not have interfered.    It was sustained, however, and upon a point not purely legal in its character, but involving discretion. Suppose the Court, from these affidavits, concluded that the party was not aware that the instruction was oral, and that there was no negligence in failing to except at the proper time?    If satisfied with the instruction, and impressed with the belief that it was a part of the written charge, there was no occasion for their excepting.    And if, without negligence on their part, a favorable instruction was thus in effect withdrawn from the jury room, and the Court below, in the exercise of a sound discretion, for this reason, granted a new trial, we do not think we would be justified in reversing that ruling.    We conclude, therefore, that there was no such abuse of the discretion lodged with

the judge trying the cause, under the circumstances de-
tailed, as to warrant our interference.

Affirmed.