WIDNER v. THE STATE.

VERBAL INSTRUCTIONS.—When the court is requested in time to charge the jury in writing, it is error to give a verbal charge.

APPEAL from the *Randolph* Circuit Court.

RAY, J.—The abstract filed in this case presents but one question for our consideration. As to all other questions, it is but an index to the record.

The bill of exceptions recites that before the argument to the jury began, and in full time to enable the court to prepare instructions, the appellant's counsel required that all instructions to the jury should be given in writing. After giving a number of charges in writing, the court added a verbal one. To this action of the court the proper exception was taken at the time, and the attention of the court was again called to the error upon the motion for a new trial. The verbal instruction is set out in the record, having been subsequently reduced to writing, we suppose with all possible accuracy. This instruction, as it appears, was favorable to the appellant.

The statute requires that "the judge must charge the jury in writing, when either party requests it, and the charge shall be filed among the papers of the cause." 2 G. & H., § 113, p. 417.

A compliance with this provision secures to the defendant the right, by taking the proper steps, to have the exact words used in the instruction presented in this court for review. It is the method of proof of that fact provided by statute, and the certificate of the judge, as to what were the words used in a verbal charge, cannot be received over the objection of the defendant.

The judgment is reversed, and the cause remanded for a new trial.

J. E. McDonald, A. L. Roache and D. Sheeks, for appellant.

D. E. Williamson, Attorney General, for the State.