## FERITER *v.* THE STATE.

CRIMINAL LAW.—*Larceny.*—*Evidence.*—*Public Taking.*—In a prosecution for larceny, whether proof that the taking was done openly, in presence of the owner of the property taken, in the day time, and not by robbery, is or is

Feriter *v.* The State.

not important evidence of the fact that the taking was not felonious, depends on all the circumstances of the case.

Same.—*Instructions to Jury.*— *Written and Oral.*—Where, on the trial of a criminal action, the court is requested by the defendant, at the proper time, to put its instructions to the jury in writing, none of the instructions may be given orally.

Same.—*Arraignment.*— *Waiver.*—Where, in a criminal action, the defendant's counsel, in the presence of the defendant, in response to an inquiry made by the court, stated that the plea would be not guilty, and thereupon proceeded to trial;

*Held,* that there was a waiver of formal arraignment.

APPEAL from the Allen Criminal Circuit Court.

Frazer, J.—The appellant was indicted for larceny. The record shows a plea of not guilty upon a formal arraignment, but it appears also, by bill of exceptions, that there was no formal arraignment, and no express waiver thereof; that in the presence of the defendant, in response to an inquiry by the court, his counsel stated that the plea would be "not guilty." The court was at the proper time requested by the defendant's counsel to put its instructions to the jury in writing, but the judge, over objection, nevertheless gave the jury some instructions and explanations orally. The court was also asked in writing to instruct the jury as follows: "If the jury believe from the evidence that the taking of the overcoat was done in the owner's presence, openly (and not by robbery), in the day time, these circumstances are pregnant evidence that the taking was without a felonious intent, and therefore not larceny, but a mere trespass."

This was refused, but instead thereof the court told the jury, that the facts alluded to, if found, would be circumstances which the jury must consider in determining whether or not the taking was with felonious intent.

We do not think that the instruction as asked is a correct proposition, though copied from a text book. It is our opinion that publicity in the taking is not, in all cases, either strong or "pregnant" evidence that the taking was not with felonious intent. Suppose that the defendant, intending to keep the coat without pretense of right, had falsely

stated to the owner that he wished to try on the coat to ascertain its fit, and thereby had got possesion of it, and then ran away with it; would it be pretended that the public manner of the taking would forcibly repel the idea of felonious intent? The evidence not being before us, we cannot say that such were not the circumstances of the taking in this very case. Indeed, we cannot know that there was any evidence before the jury tending to show a public taking at all; and it is possible, therefore, that the instruction was correctly refused because it was not applicable to the evidence. At any rate, the instruction given by the court goes as far as the law warrants; and it depends upon all the circumstances whether a public taking is or is not important evidence of the fact that the taking was not felonious.

But the judgment must be reversed because the court gave oral instructions. The statute has been held to be imperative by various decisions of this court.

The point made about the arraignment was disposed of in *Molihan* v. *The State*, 30 Ind. 266. The formal ceremony of arraignment may be waived. No substantial right of the appellant was affected in the least, and section 160 of the criminal code (2 G. & H. 427) renders it useless to present such a question here.

Reversed and remanded for a new trial. Prisoner to be returned, &c.

*L. Newberger,* for appellant.

*D. E. Williamson,* Attorney General, for the State.