GRAY *v.* STIVERS ET AL.

INSTRUCTIONS TO JURY.—It is error for the court to give instructions to a jury orally, after having been requested in due time, and in a proper manner, to reduce all the charges to writing.

APPEAL from the Jennings Circuit Court.

WORDEN, C. J.—This was an action by the appellant against the appellees to recover damages for an alleged fraud and conspiracy on the part of the defendants, whereby the plaintiff claims to have been defrauded of the title to a certain farm. Issue, trial, verdict, and judgment for the defendants, the plaintiff having unsuccessfully moved for a new trial.

Numerous errors are assigned, but in looking through the record, we discover none that should reverse the judgment, as we think, except one, which is this: after the close of the evidence, and before the argument of counsel commenced, the plaintiff requested the judge, orally in open court, to reduce all his charges to the jury to writing. This

was not done, the court not having finished writing out its' charge when the argument concluded; and, thereupon, the court gave its written charge as far as prepared, and charged the jury orally on the subjects of the preponderance of evidence and the credibility of witnesses. The plaintiff excepted to the court charging orally. The matter thus charged orally is not in the record. This manner of charging was made a ground of the motion for a new trial.

It is very clear that the court erred in charging orally, having been requested in due time, and in a proper manner, to reduce all its charges to writing. *Laselle* v. *Wells,* 17 Ind. 33; *Manning* v. *Gasharic,* 27 Ind. 399; *Widner* v. *The State,* 28 Ind. 394; *Feriter* v. *The State,* 33 Ind. 283.

The verdict of the jury seems to have been in accordance with the weight of the evidence; but the merits of the case are not so clearly with the defendants as to enable us to say that the error could not have worked any injury to the plaintiff. He was entitled, as a matter of legal right, to have all the charges reduced to writing before being given to the jury.

The judgment below is reversed, with costs, and the cause remanded.

DOWNEY, J., having been of counsel in a cause relating to the same matter, was absent.

*E. A. Parker, I. L. Bloomer, N. B. Taylor, E. Taylor, C. A. Ray,* and *J. M. Davidson,* for appellant.

*C. E. Walker,* for appellees.