Hardin *v.* Helton, Guardian.

50   319
131  539
50   319
134  647
50   319
152   54

## HARDIN *v.* HELTON, GUARDIAN.

PLEADING.—*Promissory Note.*—In a complaint to foreclose a mortgage, where, from the copy of the note set out, to secure which the mortgage was executed, it appears that it was past maturity at the commencement of the action, and it is alleged that it remains unpaid, it is not necessary to allege that the note is due.

SAME.—*Answer.*—*Party in Interest.*—In an action to foreclose a mortgage, brought by the indorsee of the note secured thereby, it is not a good answer that the assignment was without consideration and made for the purpose only of enabling the plaintiff to collect the note, as this may be true, and yet the plaintiff be the real party in interest.

GUARDIAN AND WARD.—*Marriage of Female Guardian.*—Upon the marriage of a female guardian, it is not necessary that her husband should file in court his written consent to her continuing as such guardian, as in the case of the marriage of an executrix or administratrix.

INSTRUCTIONS TO JURY.—*Request to Instruct in Writing.*—Where, before the argument of a cause, the court is requested by a party to give the instructions to the jury in writing, and the court gives a portion of the instructions orally, to which such party excepts, this is error for which the judgment will be reversed, whether the portion given orally is, in itself, right or wrong.

From the Monroe Circuit Court.

*J. W. Buskirk* and *L. L. Norton,* for appellant.

*C. F. McNutt* and *J. H. Louden,* for appellee.

WORDEN, J.—This was an action commenced August 6th, 1872, by the appellee against the appellant, to foreclose a mortgage on certain land described, executed by the appellant to one Andrew Helton, to secure the payment of two promissory notes, each for the sum of nine hundred and sixteen dollars and eighty-three cents, payable respectively in two and three years. The notes bore date December 31st, 1867.

It is alleged that the notes were indorsed by the payee to the plaintiff. Copies of the notes and mortgage were set out, and it is alleged that they remain unpaid.

A demurrer to the complaint for want of sufficient facts was overruled, and the defendant excepted. This ruling is assigned for error.

The objection urged to the complaint is, that it is not averred that the notes were due. From the copies of the notes set out, it appeared that they were past due, when the action was commenced. An averment that the notes were due would not have made the fact any more patent than it was without the averment. There is no substance in this objection.

The defendant answered:

1. In substance, that the notes were given for the lands

mentioned in the mortgage; that the defendant had purchased them from said Andrew Helton, who had executed to him a warranty deed therefor; that a part of the lands were at the time incumbered by a previous vendor's lien, which had been duly enforced and the land sold under the order of the proper court, and that the defendant had been evicted therefrom.

2. That the notes were given for the land purchased by the defendant of said Andrew Helton, who made to the defendant certain false representations in respect to the overflowing of the land.

5. As follows: "And for a fifth answer, the defendant says that said assignment of said notes was without consideration, and made for the purpose only of enabling the plaintiff to collect the same; wherefore the defendant says that said plaintiff is not, neither is her said ward, the real party in interest in this action."

7. "And for seventh answer, the defendant says that said plaintiff was, at the time of her appointment as guardian for the said Oliver C. Carter, unmarried; that afterward, to wit, on the —— day of ———, 18—, she intermarried with one M. W. Helton; that after her said marriage her said husband did not file in open court, as required by law, his consent in writing to her continuing as such guardian."

Demurrers were sustained to the fifth and seventh paragraphs, for want of sufficient facts, and these rulings are assigned for error.

In respect to the fifth, it may be observed that the indorsement of the notes to the plaintiff transferred the title, though there was no consideration. An executed gift is valid. The title having vested in the indorsee, it is not material that the purpose was to enable her to collect the notes. No right remained in the indorser either to the notes or to the proceeds when collected. All that is alleged may be true, and yet the plaintiff may be the real party in interest. The gift carried with it not only the title to the notes, but the right to the

money due thereon. There was no error in sustaining the demurrer to this paragraph.

The same may be said in respect to the seventh. A married woman may act as guardian. *Ex Parte Maxwell*, 19 Ind. 88. There is no statute requiring the husband, upon marrying a female guardian, to file his consent in open court, in writing, to her continuing as such. The statute on the subject applies to an executrix or administratrix, but not to a guardian. 2 G. & H. 491, sec. 22, fourth clause.

There were other paragraphs of answer, which need not be here noticed.

The plaintiff replied by general denial, and in a second paragraph, which was obviously intended to be limited to the first and second paragraphs of the answer, but it is not so stated in the reply. It is as follows:

"And for a further reply herein, the plaintiff says, by way of estoppel, that before she purchased the notes in suit of Andrew Helton, the payee in said notes, she called on the said defendant, John W. Hardin, and informed him that she, the said plaintiff, was about to purchase the said notes, and would do so if they were good, and if there was no defence to them; that the said defendant thereupon informed her that the notes were good, and that there was no defence to them, and that they would be paid to her, if she should become the purchaser thereof, and further informed her that if she would purchase the said notes, if he, the defendant, did not pay them when they became due, he would pay her ten per cent. interest thereon; and after she had purchased said notes, said Hardin, in pursuance of said agreement, and in consideration that she would give him further time, entered on one of said notes an agreement to pay ten per cent. interest on the said note, a copy of which is filed herewith; that said plaintiff, by reason of said representations and statements of said defendant, Hardin, did thereafter purchase said notes of said Andrew Helton; wherefore she says that the said defendant is estopped from setting up said defence to this action."

A demurrer to this paragraph of the reply, for want of sufficient facts, was overruled, and the defendant excepted.

The issues were joined, and the cause tried by a jury, who found for the plaintiff the full amount of the notes, and judgment was rendered accordingly, over a motion made by the defendant for a new trial.

We have already disposed of the first two assignments of error. The third is based upon the overruling of the demurrer to the second paragraph of the reply. There was a paragraph of answer filed, alleging payment to the plaintiff. The paragraph of reply set out was clearly bad as to this paragraph of answer. This objection, however, is not insisted upon by counsel for appellant. They insist that the reply was bad, because it did not aver a want of knowledge of the · facts on the part of the plaintiff, and they refer to *Fletcher* v. *Holmes*, 25 Ind. 458, and *The Greensburgh, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424.

The written agreement, alleged in the reply to have been indorsed upon one of the notes, constitutes an element in the pleading. No copy of it was filed with the reply, nor is any reference made to the copy of an agreement, appearing on one of the notes, as set out by copy in the complaint. It cannot, therefore, be regarded as part of the reply.

We have thought it best to express no opinion as to the sufficiency of the reply in its present condition, inasmuch as the judgment will have to be reversed on ground hereinafter to be stated, and when the cause goes back the parties can, doubtless, obtain leave to amend their pleadings, if they shall desire to do so. If we should decide upon the paragraph as it now stands, we should be deciding upon less facts than the pleader intended to present. We note, however, the following cases, having a bearing upon the question involved in the reply: *M'Mullen* v. *Wenner*, 16 S. & R. 18; *Elliott* v. *Callan*, 1 Pen. & Watts, 24; *Weaver* v. *Lynch*, 25 Pa. St. 449.

On the subject of knowledge of the facts on the part of one seeking to avail himself of an estoppel, see *Baker* v. *The*

*Mutual Union Life Ins. Co.*, 43 N. Y. 283; *Gove* v. *White,* 20 Wis. 447.

There is one ground upon which the judgment must be reversed, and for which a new trial should have been granted; we therefore pass over the other reasons for which a new trial was asked. It appears that before the argument of the cause commenced, the counsel for the defendant requested the court to give the instructions in writing, which the court did, excepting the following, which was given orally, viz. :

" If you should find for the plaintiff on the plea of estoppel, then you need not consider the other matters in issue and not pertaining to the estoppel."

To this oral instruction the defendant excepted. The charge itself would seem to be wrong, irrespective of the manner in which it was given. There was a paragraph of answer alleging payment to the plaintiff, and another denying under oath that the plaintiff was guardian of said Oliver C. Carter. These answers were in issue. These matters did not pertain to the estoppel. The defendant had a right to have these issues passed upon, although the estoppel might be found against him. If these issues should be found for the defendant, he would be entitled to judgment, though the estoppel should be found against him. Yet the court told the jury that if they should find for the plaintiff on the plea of estoppel, they need not consider the other matters in issue not pertaining to the estoppel. It is probable that this is not quite what the court meant to say, and the inaccuracy of the statement illustrates the propriety of requiring the instructions to be reduced to writing, before they are given to the jury. Charges are much more likely to be correct and accurate when written before delivery, than when delivered orally. But we base our decision upon the ground that it was error to give the charge orally, whether, in itself, it was right or wrong. We have a statute that requires the instructions to be in writing if required by either party. 2 G. & H. 198, 199, sec. 324, clause fifth. We have a long line of decisions holding that it is error, for which a judgment will be reversed, to charge orally, in whole or in

part, where a proper request has been made to put the charge in writing before it is given. *Kenworthy* v. *Williams*, 5 Ind. 375 ; *Riley* v. *Watson*, 18 Ind. 291 ; *The Toledo, etc., R. W. Co.* v. *Daniels*, 21 Ind. 256 ; *Laselle* v. *Wells*, 17 Ind. 33 ; *Widner* v. *The State*, 28 Ind. 394; *Feriter* v. *The State*, 33 Ind. 283 ; *Sutherland* v. *Venard*, 34 Ind. 390; *Meredith* v. *Crawford*, 34 Ind. 399 ; *Gray* v. *Stivers*, 38 Ind. 197.

There are probably other cases to the same effect. We have brought together enough of them to show that the point is well established.

The judgment below is reversed, with costs, and the cause remanded for a new trial.