.The Ohio and Mississippi Railway Co. *v.* Rowland.

●

THE OHIO AND MISSISSIPPI RAILWAY CO. *v.* ROWLAND.

PRACTICE.—*Exception.*—*Objection to Question Asked Witness.*—To make available in the Supreme Court an exception taken to a ruling sustaining an objection to a question asked of a witness, it must be shown, not only what was the ground of objection to the question, but, also, what was the evidence which it was proposed to elicit by it.

SAME.—*Written Instructions to Jury.*—When, at the-request of a party, the instructions to the jury have been reduced to writing, and so given to the jury, and, after the retirement of the jury to consider of their verdict, they are again brought into court, and the instructions are again read, it is error to give any verbal explanations with them.

From the Jennings Circuit Court.

*T. Gazlay* and *W. D. Ward,* for appellant.

BIDDLE, C. J.—Suit by the appellee against the appellant, for killing a mare with a locomotive, on a railroad track, where it was not fenced.

The complaint is sufficient.

Answer, general denial. Trial by jury, verdict for appellee. Motion for a new trial overruled. Exception. Judgment. Appeal.

During the trial, after the appellee had closed his evidence in chief, and after the appellant had introduced evidence tending to show that, at the place where the mare was alleged to have been killed, the railroad company was not bound to fence its track, the witness, Clark, was asked the following question: "State how, if such is possible, the railroad track from the alley at the west end of Holton to the saw-mill could be fenced, without injury to the business and interests of the railroad company, and without inconvenience to the public."

To this question the appellee objected, because it was irrelevant and immaterial, and because it was calling for the opinion of the witness. The court sustained the objection. The exception to this ruling is not available; it does not show what facts the appellant offered to prove by the wit-

ness. To make such an exception available in this court, it must be shown, not only what the ground of objection to the question was, but also what was the evidence which was proposed to be elicited by it. *Adams* v. *Cosby*, 48 Ind. 153.

Upon request of appellant, the instructions were reduced to writing, and given to the jury substantially as written; but after the jury had retired to consider the case, and been out "some hours," failing to agree, they were brought into court, and the instructions, as written, again read to them, "with some verbal explanations"—all of which was done over the objections and exceptions of the appellant.

This is error, as to the manner of giving the instructions. The practice has been settled otherwise. *Townsend* v. *Doe*, 8 Blackf. 328; *McClay* v. *The State*, 1 Ind. 385; *Heaston* v. *The Cincinnati, etc., R. R. Co.*, 16 Ind. 275; *Lung* v. *Deal*, 16 Ind. 349; *Gray* v. *Stivers*, 38 Ind. 197; *Meredith* v. *Crawford*, 34 Ind. 399.

The evidence is before us. Its insufficiency to support the verdict was assigned as one of the causes for a new trial below, and is urged upon us here.

There was evidence strongly tending to prove, from the location of a saw-mill, wood-yard, lumber-yard, stock-yard, hay-press, depot, alley and railroad switch, relative to the point where it was alleged the mare was killed, that, at that place, the railroad was not bound to fence its track—so strongly, indeed, that, we think, uncontradicted as it was, it proved the fact. There was no evidence, whatever, against it. We do not regard the question as one of the weight or conflict of evidence, because, as to this point, there was no evidence on behalf of the appellee. For this cause, also, we are of the opinion that a new trial ought to have been granted.

The judgment is reversed, with costs; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.