### BOSWORTH *v.* BARKER.

INSTRUCTIONS.—*Verbal Addition to Written Charge.—Practice.*—It is error to add to the written instructions given by the court to the jury any verbal comment, where the party complaining thereof has properly requested that the instructions be reduced to writing.

From the Randolph Circuit Court.

*A. O. Marsh, A. Gillett* and *L. J. Monks,* for appellant.

*J. J. Cheney, J. S. Engle* and *L. W. Study,* for appellee.

NIBLACK, J.—The appellant, Richard Bosworth, brought this action against the appellee, Henry Barker, before a justice of the peace.

The cause was afterward appealed to the circuit court, where, upon a trial by a jury, there was a verdict and a judgment for the defendant.

The complaint was in two paragraphs.

The first charged, that the defendant set his dogs upon, and worried and injured, two of the plaintiff's hogs, and that the hogs died from the injuries thus inflicted upon them.

The second charged, substantially, the same wrongful acts against the defendant, except that there was no averment that the hogs died from the injuries complained of.

Upon the trial there was evidence tending to show that the alleged injuries to the hogs were inflicted upon them while driving them out of a wheat field, with the assistance of two dogs; that, after the hogs were so driven out of the field, one of them became sick, sore and disabled, and was found dead next morning.

Both parties at the proper time, requested the court to reduce to writing whatever instructions it might give to the jury.

After the conclusion of the argument, the court read to the jury, amongst others, an instruction, which was in writing, as follows:

"If you believe from the evidence, that the injury done to the hog was sufficient to produce the death of the hog, it is immaterial whether it was caused by a large dog or a small dog, or by an old dog or a young one."

After this instruction was read, the court added orally, by way of explanation: "That is, if you find that the injury was sufficient to produce the death of the hog." To the giving of which said oral addition and explanation the plaintiff at the time objected and excepted.

Under our code it is the undoubted right of a party, if he properly requests it, to have all the instructions given by the court reduced to writing before they are given, and we have a long line of decisions holding that it is error, for which a judgment will be reversed, to charge the jury orally, either in whole or in part, where a proper request has been made to have the charge put in writing be-

fore it is given. *Hardin* v. *Helton*, 50 Ind. 319; *Gray* v. *Stivers*, 38 Ind. 197; *Southerland* v. *Venard*, 34 Ind. 390; *Feriter* v. *The State*, 33 Ind. 283; *The Toledo and Wabash R. W. Co.* v. *Daniels*, 21 Ind. 256. There are still other cases, to the same effect.

It is error to charge the jury orally, when the party complaining has requested the charge to be in writing, without reference to the question whether the oral charge gave the law correctly or not. *Hardin* v. *Helton, supra.*

The provision of the statute, 2 R. S. 1876, p. 167, requiring charges to be in writing when requested, is imperative, and hence can not be disregarded. *Hardin* v. *Helton*, 21 Ind. 256.

But it is insisted, that the violation of the provision of the statute, in giving the oral charge complained of in this case, was, at most, only a technical violation, for which the judgment ought not to be reversed, as the verdict was fully supported by the evidence. We are, however, not authorized to hold that a substantial disregard of an imperative statute is, in any event, only a technical error. If we can overlook the relaxation of the statutory requirement above referred to, in a comparatively unimportant case like this, we might permit a still further relaxation in a more important case, in utter disregard of both the letter and spirit of such statutory requirement. This would be a very unsafe practice to adopt, and would afford a dangerous precedent in judicial proceedings.

While we are unable to discover any other available error in the record, the judgment will have to be reversed, because of the error in making the oral addition and explanation to the charge read by the court, as above set forth.

The judgment is reversed, at the costs of the appellee, and the cause remanded for a new trial.