## PROVINES v. HEASTON.

INSTRUCTION.—*Oral Modification of Instruction Requested.*—It is error in the court to give, with *oral* modifications, an instruction in writing submitted by a party.

From the Huntington Circuit Court.

*J. B. Kenner*, for appellant.

NIBLACK, J.—The object of this action was to recover the supposed value of an "Avery Corn-Stalk Cutter," alleged to have been sold by the appellant, Provines, to the appellee, Heaston.

The defendant answered :

1. Admitting the purchase, but alleging that the plaintiff verbally warranted that the machine would do good and satisfactory work ; that after fairly testing such machine, and ascertaining that it would not do good and satisfactory work, he returned it to the plaintiff.

2. Also admitting the purchase, but averring that the machine was of no value whatever, and had been returned to the plaintiff, as it had been agreed might be done.

Issue being joined by a reply in general denial, the cause was tried by a jury, the trial resulting in a verdict and judgment for the defendant, a new trial being refused.

Upon the trial, the plaintiff asked the court to instruct the jury in writing, amongst other things, as follows :

"If the jury find that the written instructions with the machine, and the instructions given by Provines, were not *strictly* complied with in each particular by Heaston, as to the operation of the machine, Heaston can not now complain, or can not hold Provines to a warranty (if there was a warranty), as it was the duty of Heaston to follow instructions *strictly*."

The court read this instruction to the jury, except that it orally substituted the word *fairly* for the word *strictly*, in both places in which the latter word was used in the instruction as proposed. In other words, the court gave the instruction, with oral modifications, substituting the word *fairly* for the word *strictly*, wherever the latter word

occurred—not having been previously required by either party to give all of its instructions in writing.

To the reading of the instruction in the manner described, and to the oral modifications thus made, the plaintiff objected and excepted.

It is contended that these proceedings constituted error of law for which a new trial ought to have been granted.

Section 324 of our code provides, that "When the argument of the cause is concluded, the court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party."

Also that, "Where either party asks special instructions to be given to the jury, the court shall either give each instruction as requested, or positively refuse to do so; or give the instructions with a modification, in such manner that it shall distinctly appear what instructions were given, in whole or in part, and in like manner those refused, so that either party may except to the instructions, as asked for, or as modified, or to the modification."

We construe these provisions to mean:

1st. That the court may give general instructions orally to the jury, when neither party requires that they shall be in writing;

2d. That, when special instructions are asked, with the view of reserving an exception, in case of their refusal, such special instructions must be in writing, and that, when modifications are made to such instructions, such modifications must be of equal solemnity, and hence in writing, so that they may be conveniently contrasted with, and distinguishable from, the instructions to which they are intended to apply.

Any other construction of the clause relating to special

instructions would not be in harmony with the succeeding provisions of the code, and would lead to uncertainty and confusion in the making up of a proper record of the trial.

The construction we have thus given is in accord with the expressed views of this court in the case of *Lung* v. *Deal*, 16 Ind. 349, a case which appears to have stood unchallenged for many years.

We think the court erred in making the oral modifications complained of to the instruction above set out, and that, for that reason, the judgment ought, and will have, to be reversed. *Bosworth* v. *Barker*, 65 Ind. 595.

The judgment is reversed, with costs, and the cause is remanded, for a a new trial.