McCallister v. Mount.

No. 7605.

McCallister v. Mount.

PRACTICE.—*Complaint.*—*Supreme Court.*—An assignment of error in the Supreme Court for insufficiency of facts, which questions less than the entire complaint, is insufficient.

SAME.—*Assignment of Error Must be Specific.*—An assignment questioning the entire complaint should contain at least one of the objections for which alone error can be assigned in the Supreme Court.

SAME.—*Special Findings.*—*General Verdict.*—The court will not presume anything in aid of the special findings, but will indulge every reasonable presumption in favor of the general verdict.

SLANDER.—*Publication.*—Exhibiting a libellous letter and proclaiming its contents, or giving it to others to read, constitute a publication.

SAME.—*Proof of Set of Words.*—*Identity of Person Slandered.*—*Variance.*— Only the identical words charged as slanderous need be proved, a variance in name being immaterial.

SAME.—*New Trial.*—*Proof of Publication.*—That the libel was read in evidence without proof of its publication, is not ground for a new trial.

PRACTICE.—*Directions to Jury.*—*Oral Instructions.*—Oral directions to a jury to sign their general verdict, or to answer interrogatories, are not instructions within the meaning of the law.

From the Montgomery Circuit Court.

*J. Wright, J. M. Seller, W. H. Thompson* and *J. M. Thompson,* for appellant.

*P. S. Kennedy* and *W. T. Brush,* for appellee.

BEST, C.—The appellee commenced this suit against the appellant on the 25th day of February, A. D. 1878. His complaint consisted of two paragraphs. The first averred, in substance, that the defendant had, by reading to divers persons, maliciously published, of and concerning the plaintiff, a certain letter, in which it was falsely charged that the plaintiff, while in the army had committed the crime against nature, with a mule. The second contained several sets of words, alleged to have been falsely and maliciously spoken by the defendant, of and concerning the plaintiff, the substance of each of which was, that the plaintiff had had sexual intercourse with a mule, while in the army.

Answers in denial, and in justification, were filed; also a

McCallister *v.* Mount.

reply. The cause was submitted to a jury, and a general verdict returned for the plaintiff for $800, with answers to interrogatories submitted to them, at the instance of the defendant. A motion was made by the defendant, for a. judgment in his favor on the special findings of fact, notwithstanding the general verdict, which motion was overruled, and the defendant excepted. The defendant then made a like motion for a judgment upon the first paragraph of the complaint, which was overruled, and he excepted. Thereupon he moved the court for a new trial, which was overruled, and to which ruling he also excepted. Final judgment was rendered upon the verdict, from which the appellant appeals to this court, and assigns as error here the following :

1st. For insufficiency of the averments of the first paragraph of the complaint.

2d. For insufficiency of the averments of the second paragraph of the complaint.

3d. For insufficiency of the complaint.

4th. The court erred in overruling appellant's motion for judgment, in his favor, upon the special finding of the jury, notwithstanding the general verdict.

5th. The court erred in overruling appellant's motion for judgment, in his favor, on the first paragraph of the complaint, notwithstanding the general verdict.

6th. The court erred in overruling the motion for a new trial.

7th. The court erred in giving the jury oral instructions, after they had returned a general verdict, and answering the first interrogatory.

8th. The court erred in returning the verdict to the jury after it had been read by the court and published, and then ordering the jury back to the jury room, and instructing them to answer the second interrogatory.

These assignments will be considered in the order of their

statement. The first does not call in question the sufficiency of the complaint as an entirety, but only the sufficiency of the first paragraph thereof. This can not be done by an assignment of error. Section 55 of the code authorized the appellant to "demur to one or more of the several causes of action alleged in the complaint," and thus to present the question sought to be raised by this assignment. It does not, however, authorize the same thing to be done by an assignment of error. The only right to question the sufficiency of the complaint, by an assignment of error, at all, is found in section 54 of the code, which provides that, "If no objection is taken, either by demurrer or answer, the defendand shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action." All objections to a complaint, whether it consists of one or of many paragraphs, are waived, except the objections that the court had no jurisdiction, and that the complaint does not state facts sufficient to constitute a cause of action. Either or both of these may be assigned as error in any way that calls in question the entire complaint. If the assignment alleges that the complaint does not state, or that all the paragraphs of the complaint do not state, or that neither paragraph of the complaint states, facts sufficient to constitute a cause of action, either will be a sufficient assignment; but any assignment which questions less than the entire complaint will be insufficient. Upon such an assignment, the remaining paragraphs of the complaint will be regarded as good, and it is well settled that, upon a proper assignment, if there is one good paragraph, the alleged error will be unavailing. *Miller* v. *Billingsly*, 41 Ind. 489 ; *Kelsey* v. *Henry*, 48 Ind. 37 ; *Caress* v. *Foster*, 62 Ind. 145.

For these reasons, the first and second assignments present no question. Neither does the third. There may be

many valid objections to a complaint aside from the objections that are not waived by a failure to raise them, either by demurrer or answer. The court may not have jurisdiction of the person of the defendant; the plaintiff may not have legal capacity to sue; there may be another action pending between the same parties for the same cause; there may be a defect of parties, plaintiff or defendant; several causes of action may have been improperly united, and, if either of these objections exist, the complaint is insufficient. All of them, however, are waived by failing to raise them, either by demurrer or answer, and, unless thus raised, none of them can be considered on an appeal to this court. *McGoldrick* v. *Slevin*, 43 Ind. 522; Buskirk's Practice, 171, and authorities cited.

This assignment is too general. It is impossible to determine from it whether the complaint is insufficient because of the objections waived by a failure to raise them by demurrer or answer, or whether it is insufficient because of those objections, which may be assigned in this court. Sec. 568 of the code requires no pleadings in this court but a *specific* assignment of errors; and unless the assignment is *specific*, it presents no question for decision. An assignment is not specific, when the language employed applies as well to an objection which has been waived as to one that has not been waived. This assignment is not only general, but it is uncertain, indefinite and equivocal. It does not comply with the letter of the statute, nor do we think that it can be deemed sufficient by any construction, however liberal. When a party in the lower court fails to question the sufficiency of the complaint, either by demurrer or by motion in arrest of judgment, he should, when he attempts to do so here, be required not only to make his objections specific, but he should specify at least one of the objections for which alone error can be assigned on a complaint in this court.

By the fourth assignment, the appellant insists that the

court erred in refusing to render judgment for him upon the special findings of fact. The interrogatories and answers thereto are as follows:

"1st. If you find for the plaintiff upon one paragraph of complaint only, state which one it is. Ans. We find on first paragraph.

"2d. If you find for plaintiff on both paragraphs of the complaint, so state. Ans. We find on second paragraph.

"3d. Was it proven that defendant, or any other person, read the letter mentioned in plaintiff's complaint, at Shannondale, February 24th, 1878? Ans. No.

"4th. If you answer yes to interrogatory three, state who read it. Ans. No one."

Assuming, without deciding, that the first and second interrogatories propound proper questions of fact to the jury, the answers establish such fact as would otherwise have been presumed, viz., that the verdict was upon both paragraphs of the complaint. The only other fact specially found is that the appellant did not, nor did any other person, read the letter mentioned in the complaint, at Shannondale, on February 24th, 1878. This is not at all inconsistent with the general verdict. If the appellant read it to any other person as charged, at any other place, on said day, or did the same thing at said place on any other day after said letter was written, and before the commencement of the suit, the appellee was entitled to recover. To have rendered this fact inconsistent with the general verdict, it was necessary that it should have also appeared that the general verdict was based alone upon the first paragraph of the complaint, and that the appellant did not read said letter to any person at any other time or place. The court will not presume anything in aid of the special findings of fact, but, on the contrary, will indulge every reasonable presumption in favor of the general verdict. *Ridgeway* v. *Dearinger*, 42 Ind. 157. There was no error in this ruling.

It is also insisted that the court erred in overruling a sim-- ilar motion for a judgment upon the first paragraph of the· complaint, for the reason that the answer to the third inter-- rogatory shows there was no evidence to support it.   This fact can not be shown in this way ; nor does it, if true, fur- nish any ground for the motion.  This motion, like the .other, is based upon the assumption that the special findings of fact are inconsistent with the general verdict, and .what was said in considering the other applies to and is decisive of this one.   *Frazer* v. *Boss,* 66 Ind. 1.

This brings us to the alleged error, in overruling the mo- tion for a new trial.   The reasons filed therefor were :

1st.  The verdict was contrary to law ;

2d.  It was not sustained by sufficient evidence ;

3d.  The damages assessed were excessive ;

4th.  The court erred in admitting, in evidence  the letter mentioned in the first paragraph of the complaint ; and,

5th.  The court erred in charging the jury orally, after having been requested to do so in writing.

In support of the first and second causes, which will be considered together, the appellant insists that the evidence does not tend to show that the letter mentioned in the first paragraph of the complaint had been published ; nor that any set of words embraced in the second paragraph were proved as laid, or, if proved, were shown to have been spoken of the appellee.   We have examined the evidence carefully, and think that it fully establishes each of these propositions. It clearly shows that, sometime before the letter in question· was written, a dispute had arisen between the appellee and. the appellant about the alleged forgery of the appellee's. father's name to a certain petition ; that appellant felt hurt at some imputations he understood the appellee had made against him in relation thereto ; that he then wrote to one McCallister for information in relation to the charge of which the appellee complains, and received in answer thereto the:

letter in question; that the appellee was present, and was the superintendent of a Sabbath school that met at Shannondale, on the 24th day of February, 1878; that after it was dismissed, but before the persons attending it had dispersed, the appellant came to said school, quarrelled with appellee, and after he, appellee, had gone away, exhibited said letter, offered to let any person present read it, proclaimed its contents, and handed it to one Samuel Knox, who, as the appellant himself testified, read a part of it.

If he read the libellous part the publication was complete. We can not say that he did not, and, therefore, can not disturb the judgment on this ground.

Did the testimony prove any set of words? The first set was that "Jim Mount was caught," etc., committing the offence charged.

Thomas Nicely testified that the appellant, in the conversation at Shannondale, on February 24th, 1878, said "Jim was caught," etc., and that he spoke the identical language contained in the first set of words, except the surname of the appellee. This variance was immaterial. It is only necessary to prove so many of the identical words charged as constitute the slanderous accusation. *Iseley* v. *Lovejoy*, 8 Blackf. 462; *Tucker* v. *Call*, 45 Ind. 31. Were these words spoken of the appellee? They were spoken immediately after the appellee and appellant ceased disputing at Shannondale, on February 24th, 1878, about the appellee's charge that his father's name had been forged to a petition. The appellant testified as follows: "James A. Mount is my brother-in-law; a few days before I met Mount at Shannondale, on February 24th, 1878, I received information that Mount said his father's name had been forged to a petition, and that my father had forged it. I went to ask Mount about the charge of forgery. He said there had been forgery committed. After that we had a good many words in relation to this forgery."

The words testified to by Nicely were spoken in the same conversation referred to by the appellant, and Nicely says that the appellant, after he had spoken the words, "Jim was caught," etc., added, "and it was the common talk of the company, and that was the character of the man who was accusing his father of forgery."

This charge was spoken of the person who was accusing the appellant's father of forgery, and that person, according to appellant's own testimony, was James A. Mount. The very language of appellant, accompanying the slanderous charge, unmistakably points to the appellee as the person who was designated by the name "Jim," and was as satisfactory, we think, as though the name James A. Mount had been used.

The third cause for a new trial is not insisted upon by the appellant in his argument, and therefore will not be further noticed.

By the fourth cause he insists that the publication of the letter was not proved, and for that reason the court erred in admitting it in evidence. In support of this position, a part of section 278 of Townshend on Slander and Libel is cited; but it is said in the same section that, if the libel is read in evidence, without proof of its publication, this is "not a ground for a new trial."

The court had been, at the proper time, requested to instruct the jury in writing, and the fifth cause for a new trial calls in question the action of the court, in saying to the jury, after they had returned into court with their verdict, "The jury have not answered the second interrogatory, and I therefore cause the verdict and interrogatories to be returned to you, and you can return to your jury room and answer the second interrogatory, and return the verdict and interrogatories together, in case you now find a general verdict?"

It is well settled that it is error to instruct the jury orally, after a request has been made, at the proper time, to instruct

in writing. *Gray* v. *Stivers*, 38 Ind. 197 ; *Hardin* v. *Helton*, 50 Ind. 319.

If this statement is an instruction, it was error to give it. Is it an instruction? It is said in Bouvier's Law Dictionary, under the word "charge," that an instruction is "The exposition by the court to the jury of those principles of the law which the latter are bound to apply in order to render such a verdict as will, in the state of facts proved at the trial to exist, establish the rights of the parties to the suit." Again : "The essential idea of a charge is that it is authoritative as an exposition of the law, which the jury are bound by their oath and by moral obligations to obey."

In Hilliard on New Trials, 2d ed., at page 255, it is said : "And any decision or declaration by the court, upon the law of the case, made in the progress of the cause, and by which the jury are influenced and the counsel controlled, is considered within the scope and meaning of the term 'instructions.'"

In *Hasbrouck* v. *The City of Milwaukee*, 21 Wis. 219, it is said that any remarks made orally by the presiding judge, are no part of the charge, unless bearing upon questions of law or fact involved in the issue.

This court in the case of *Lawler* v. *McPheeters, post*, p. 277, decided at the present term, said : "Instructions proper are directions in reference to the law of the case." So it is held in *Stanley* v. *Sutherland*, 54 Ind. 339.

In the light of these authorities, the above statement was not an instruction. It was not a statement bearing upon any question of law or fact involved in the issues, but was a mere direction to find a verdict before they returned it. A direction to retire with their bailiff ; to separate for their meals ; to seal up their verdict ; to abstain from talking among themselves or with others ; to sign their general verdict or to answer interrogatories, are not instructions within the meaning of the law, and therefore there was no error in directing the jury orally to answer the second interrogatory.

The eighth assignment presents no question. The cause alleged should have been urged as a reason for a new trial. It was not, and, if it had been, there was no error in it. *The Columbus, etc., R. R. Co.* v. *Powell*, 40 Ind. 37.

We find no error in this record, and think the judgment below ought to be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and is hereby, in all things affirmed, at the costs of the appellant.