Filed April 25, 1884.

---

## No. 10,895.

### BRADWAY ET AL. *v.* WADDELL ET AL.

SUPREME COURT.—*Bill of Exceptions.*—*Record.*—*Evidence.*—The evidence, when embodied in a bill of exceptions duly signed and filed, forms part of the record, no matter by whom it was taken down at the trial.

SAME.—*Instructions.*—*Motion for New Trial.*—Neither an instruction to the jury nor instruments of evidence can be made part of the record by merely referring thereto in a motion for a new trial.

INSTRUCTIONS.—*Request for Written.*—*Statute Mandatory.*—The statute, requiring that " the court shall give general instructions to the jury * * *in writing*, if required by either party,". is mandatory, and, in such case, the giving of an oral instruction is erroneous.

SAME.—*Oral Directions.*—Oral directions to the jury to reject evidence, or as to the form of their verdict, are not " instructions," but statements of rules of law governing the matters in issue or the amount of recovery are.

From the Henry Circuit Court.

*W. Grose,* for appellants.

*J. M. Brown, J. Brown* and *W. A. Brown,* for appellees.

ELLIOTT, J.—The evidence in this case, although taken by

Bradway *et al. v.* Waddell *et al.*

a stenographer, forms part of the bill of exceptions. It is incorporated in the bill at the proper place, and appellees' counsel are, therefore, in error in supposing that it is not in the record. No matter by whom the evidence is taken down, it is in the record, if fully and accurately embodied in the bill of exceptions, duly signed by the judge and properly filed.

Neither instructions nor instruments of evidence can be brought into the record by merely making them part of the motion for a new trial. In the present case we must look to the bill of exceptions to see what requests to instruct were made, and what instructions, oral and written, were given by the court.

The bill of exceptions contains this statement : "The plaintiff and defendants also having at the proper time requested the court to instruct the jury in writing only, before the argument to the jury." It is further shown by the bill that the court, at the time of reading the written instructions to the jury, orally instructed them upon the subject of nominal damages and as to the form of their verdict, and that the appellants at the time excepted " because the same was oral and not in writing."

Our statute provides that " when the argument is concluded the court shall give general instructions to the jury, which shall be in writing and be numbered and signed by the judge, if required by either party." The statute is in terms mandatory, and from the earliest to the latest cases it has been so construed. It has been uniformly held that the trial court, when properly requested, is bound to put all of its instructions in writing. In *Townsend* v. *Doe*, 8 Blackf. 328, decided in 1846, it was held that the statute was mandatory, and such was the holding in the cases of *McClay* v. *State*, 1 Ind. 385 ; *Kenworthy* v. *Williams*, 5 Ind. 375 ; *Lung* v. *Deal*, 16 Ind. 349. In the case of the *Rising Sun, etc., Co.* v. *Conway*, 7 Ind. 187, a like ruling was made and the court said : " The evil to be remedied was the difficulty, severely felt by the bar, of getting a bill of exceptions which should fully em-

body the verbal charge. The act should therefore receive such a beneficial construction as should effect the object designed. * * * There is no great hardship in the strictness thus imposed. Its safe and beneficial operation is obvious. Were the rule once relaxed, it is easy to see that the object of the act would be defeated." The holding in *Laselle* v. *Wells,* 17 Ind. 33, was that all instructions must, when duly requested, be in writing, and that an error in giving verbal instructions is not cured by afterwards reducing the verbal instructions to writing; and to the same effect is the case of *Widner* v. *State,* 28 Ind. 394. It is worthy of note that in the case just cited it was held that giving a verbal instruction was error, notwithstanding the fact that it was favorable to the appellant. One of the most careful and accurate judges that ever occupied a place in this court, speaking for the court, said: " This rule of practice is plainly violated, if the court, having been properly requested to reduce its charges to writing, proceeds to instruct the jury orally. And as we construe the statute, it renders the action of the court, in giving the oral instructions, erroneous, without reference to what they may say to the jury; hence it can not be deemed important, in the decision of questions such as the one under consideration, that instructions so given should be set forth in the record." DAVISON, J., in *Riley* v. *Watson,* 18 Ind. 291. These utterances of able judges who knew the necessity for the law requiring all instructions to be in writing, who were cognizant of the evils growing out of a different practice, and who were acquainted with the purpose of the framers of the law, are not to be lightly regarded; on the contrary, every principle of law requires that they be treated with the highest respect.

It was well and strongly said, in a case from which we have already quoted, that " The words of the court, on such occasions, are too weighty and decisive in their influence on the jury to be omitted. A particular turn of expression, given perhaps at random, may be decisive of the rights of the parties. The proper construction of the statute therefore is, that the whole

charge should be in writing; and that it should be given literally as it is thus written. Such seems to have been the construction of the act from the first." *Rising Sun, etc., Co.* v. *Conway, supra.* It surely is no hardship to require the court to do exactly what the law commands and the parties request. A line or two more costs but little labor, and prevents confusion, wrong, and error. There is really no excuse for refusing to do what the law commands, and what secures certainty and prevents needless wrangling. But, after all, a sufficient reason for the uniform ruling of this court is, that the law commands that all instructions shall be in writing, and the more closely courts, as well as everybody else, are held to strict obedience to law the better. It is not the older cases only that recognize and enforce the rule requiring all instructions to be written out in full, for the later cases are not less emphatic. *Feriter* v. *State,* 33 Ind. 283; *Meredith* v. *Crawford,* 34 Ind. 399; *Gray* v. *Stivers,* 38 Ind. 197; *Hardin* v. *Helton,* 50 Ind. 319; *Bosworth* v. *Barker,* 65 Ind. 595; *Provines* v. *Heaston,* 67 Ind. 482; *Shafer* v. *Stinson,* 76 Ind. 374; *Davis* v. *Foster,* 68 Ind. 238. In the case of *Provines* v. *Heaston, supra,* it was held that it was error to orally substitute the word "fairly" for the word "strictly." It was held in *Bottorff* v. *Shelton,* 79 Ind. 98, and in *Smurr* v. *State,* 88 Ind. 504, that it was error to read from the statute or other book, and that all instructions must be written out in full and filed by the court. The ruling in these cases is well sustained, not only by our own cases but everywhere else under statutes like ours. In *Hopt* v. *People,* 104 U. S. 631, the trial court indicated a place for the insertion of an extract from a book, and this was held error, the court saying: "This was a clear disregard of the provisions of the statute. The instruction was not reduced to writing, filed, and made part of the record, as the statute required." The like ruling was made in *People* v. *Sanford,* 43 Cal. 29. In speaking of the duty of the court to instruct in writing, where the statute so provides, a late writer says: "Now, after the trial is over, the judge may

discover that he has put his foot in it, so to speak; and yet his pride of individual opinion may be such as to prevent him from acknowledging his error, or from signing, in a bill of exceptions, a fair statement of what he did say. Moreover, the charge of the judge, particularly where the points in controversy are numerous, and where the mass of evidence is great, may be so long that the jury can not get the full effect of it merely by hearing it repeated once. * * * The wisest, the most learned, the most accurate, the most honest and the most painstaking administration of justice, is, at best, full of imperfections; but it is intolerable that life, liberty, fortune and reputation should hang on such a slender thread as an oral charge to a jury." Thomp. Charging Jury, 137. Another writer says: "A judge on the trial of a cause has no authority to affect or change the law as stated in written instructions, by any statement not in writing. It is error for the court to instruct the jury orally, or to orally explain or modify an instruction." Sackett Instructions to Juries, section 1.

A modification of an instruction is not a technical error, nor is the failure to fully incorporate into the instructions all that the court says to the jury a technical error. Some of the courts go so far as to hold that in criminal cases it is an error of such a substantial character as that it can not be waived. It was so held in *State* v. *Cooper*, 45 Mo. 64, and the court said: " The provisions of the law are express and positive. They were enacted for wise and beneficial purposes, and neither courts nor parties are to be allowed to treat the law as naught, and construe it into a dead-letter, and substitute a different arrangement in its stead. * * * The jury are liable to misapprehend the language of the court; a full, perfect, and satisfactory bill of exceptions is unattainable; and thus a man's rights are invaded and frittered away, through a violation of law which was made for his protection. Public policy and the uniform and explicit standard which should always prevail in the administration of criminal justice, demand that the statute should be literally construed and rigidly adhered to

and enforced." Without stopping to comment upon them, we refer to the following cases as supporting our view that the violation of the statute requiring all instructions to be written out in full is a substantial error. *People* v. *Beeler,* 6 Cal. 246; *People* v. *Ah Fong,* 12 Cal. 345; *Dorsett* v. *Crew,* 1 Col. 18; *Gile* v. *People,* 1 Col. 60; *Ray* v. *Wooters,* 19 Ill. 82; *Illinois, etc., R. R. Co.* v. *Hammer,* 85 Ill. 526; *Head* v. *Langworthy,* 15 Iowa, 235; *State* v. *Potter,* 15 Kan. 302; *Swartwout* v. *Michigan, etc., R. R. Co.,* 24 Mich. 389; *Horton* v. *Williams,* 21 Minn. 187; *State* v. *Jones,* 61 Mo. 232; *Dixon* v. *State,* 13 Fla. 636; *Parris* v. *State,* 2 C. Greene, 449; *City Bank* v. *Kent,* 57 Ga. 283.

A direction to the jury to reject evidence, as to the form of verdict, or the like, is not an instruction within the meaning of the statute. *Stanley* v. *Sutherland,* 54 Ind. 339; *McCallister* v. *Mount,* 73 Ind. 559; *Lawler* v. *McPheeters,* 73 Ind. 577; *Trentman* v. *Wiley,* 85 Ind. 33. But statements of rules of law governing the matters in issue or the amount of recovery are instructions, and all such rules or statements must, when the proper request is made, be given to the jury in writing. Judgment reversed.

Filed April 25, 1884.