## MUNCH *vs.* THE NEW YORK CENTRAL RAIL ROAD COMPANY.

Under the provision of the statute, requiring rail road companies to erect and *maintain* fences on the sides of their roads, if a fence is thrown down, or blown down, or becomes defective from any cause, it becomes the duty of the rail road company to restore it within a reasonable time.

And though a fence is thrown down, and an opening left therein, by a trespasser, yet if it is suffered to *remain* in that condition an unreasonable length of time, a jury has a right to find that this is negligence in the rail road company.

When a rail road company is in default, for not repairing a gap in a fence, and a horse passes through the gap, upon the rail road track, and is there killed, the mere negligence of the owner in permitting the horse to run at large, in the highway, or to trespass upon a neighbor's premises, will not constitute a defense to an action against the rail road company, to recover the value of the horse.

APPEAL from a judgment of the Niagara county court, affirming the judgment of a justice of the peace.

*A. P. Floyd*, for the plaintiff.

*Lansing & Backus*, for the defendants.

*By the Court*, MARVIN, J.    Action to recover damages for killing the plaintiff's colt on the defendants' rail road.   As I understand the evidence in this case, it tended to prove that the plaintiff lived upon the road between Niagara City and Lewiston, and early in March, 1858, the colt was let out of the stable, about noon, to water.   He passed out of the gate on to the highway.   The plaintiff did not follow him.   After this the colt was in a neighbor's field (how far from the plaintiff's does not appear) adjoining the rail road track.   There was a gap down in the rail road fence, and the colt passed out of it on to the rail road track.   The next we hear of the colt, he and another horse were on the track, on the highway crossing, and they wheeled and jumped the cattle guards west of the crossing.   The train overtook and killed the colt.   There was snow on the ground.   The cattle guards were partly filled with snow and ice.   They were ordinary cattle guards.   The gap in the fence was opened by one Young, a week or two before the colt was killed, without any permission from the defendants or their agents.   It did not appear that the agents of the defendants had any knowledge that the fence had been let down.   The jury found a verdict for the plaintiff, and the county court affirmed it, and I think we must affirm the latter judgment.

By the general rail road act of 1850, (*Sess. L.* 233, § 44,) the defendants are required to erect and maintain fences on the side of their road ; and it is declared that until such fences &c. shall be duly made, the corporation shall be liable for all damages which shall be done by their agents or engines to cattle, horses or other animals thereon.   Construction was

Munch *v.* New York Central Rail Road Company.

given to this provision of the statute in *Corwin* v. *New York and Erie Rail Road Co.*, (3 *Kern.* 42.) The simple negligence of the owner of a horse in permitting him to run at large in the highway, or to trespass upon his neighbor's premises, will not constitute a defense to the rail road company that is in default. The statute requires the erection and maintenance of a fence. This duty is imposed upon the rail road companies. In this case the fence was not *maintained.* It is true it was thrown down by a trespasser, but it was suffered to *remain* in that condition one or two weeks. This the jury had a right to find was negligence in the defendants. If the fence is thrown down or blown down, or becomes defective from any cause, it becomes the duty of the rail road company to restore it within a reasonable time. In this case the jury have found that the gap was not closed within a reasonable time. The evidence shows that the colt passed on to the rail road through the gap. It seems that after this he was on the track, on the highway crossing. As I understand it he was in the highway, at the place where the track of the rail road crosses it, so that he was on the highway and also on the rail road track. He then jumped the cattle guard, leaving the highway and running upon the rail road track.

I do not think these facts change the case. The colt came on to the rail road through the open gap. Had the fence been maintained and the colt had strayed along the highway and stopped on the track, and upon the approach of the train turned and jumped the guard, a different question would have been presented. It might then have depended upon the question whether the cattle guard at the road crossing was, in the language of the statute, "suitable and sufficient to prevent cattle and animals from getting on to the rail road." It seems that it was not sufficient in this case. At any rate, if the question should turn upon the sufficiency of the cattle guard, I think there was evidence tending to show that it was not "suitable and sufficient." The statute is explicit that until

such fences and cattle guards shall be duly made, the corporation shall be liable.

I think the judgment must be affirmed.

[NIAGARA GENERAL TERM, September 12, 1859. *Greene, Marvin* and *Davis,* Justices.]