## LASELLE v. WELLS.

A rule of Court requiring a party desiring written instructions, only, to be given to the jury, to notify the Court of such desire before the trial commences, is repugnant to the laws of this State.

Where the Court has had timely notice of the desire of one of the parties that written instructions, only, shall be given to the jury, it is error for the Court to accompany such written instructions with verbal explanations, and illustrate them by reading from books; and such error was not, in this case, cured by a direction from the Court to the jury, to consider the verbal explanations and illustrations withdrawn.

APPEAL from the *Allen* Circuit Court.

HANNA, J.—Suit commenced before a justice, on a note. On appeal to the Circuit Court, trial, and judgment for the plaintiff. The defense was, that the note was given for an animal, for a certain purpose; that it was warranted fit for that purpose. That said property was so far valueless for the purpose named, that the warranty was broken, and the transaction a fraud upon the purchaser, who offered to return the property, &c.

The trial occupied five days. On the second day, the defendant notified the Court that he desired the instructions to the jury, to be in writing. The Court gave written instructions, but in reading them to the jury, explained the same by oral statements, and by reading from law books; to which the defendant objected, &c. The Court then said to the jury, that they should consider such verbal explanations

*Monday,*
*November* 25.

as withdrawn.  A rule of Court is shown by the record, as follows:

"A party desiring written instructions to the jury, must notify the Court of such desire before the trial commences, or his right to the same will be considered as waived."

It is insisted that this rule is in conflict with the decisions of this Court, and is consequently repugnant to the laws of the State.  In the act providing for an organization of Circuit Courts, 2 R. S., § 14, p. 7, the power is conferred upon said Courts to "adopt rules for conducting the business therein, not repugnant to the laws of this State."  There is no statute fixing the time, in express words, at which, during the progress of a trial, the party desiring written instructions shall so inform the Court.  We have a statute prescribing the manner of conducting a trial in a civil case, a fair construction of which fixes the time at which special instructions asked by a party, as contradistinguished from the general instructions given by the Court on its own motion, shall be presented for the consideration of the judge, namely, after the evidence has been heard, and before the argument has commenced.  This has been referred to in support of the position that a request to give only written charges, made after the judge had commenced instructing the jury, came too late.  2 R. S., p. 110; *McJunkins* v. *The State*, 10 Ind. 140; *Newton* v. *Newton*, 12 *id.* 527.  In the former case, in the absence of a rule of Court on the subject, it is said by this Court, that "The better rule would appear to be, to require such instructions to be presented, or request made, in time to receive due consideration by the judge."  In the latter case, it is said that "the statute must be so construed as to require the party who desires a written charge, to notify the Court, in a reasonable time before it may be called upon to charge the jury, of his desire that such charge be in writing."  Our code allows great latitude of amendments.  As an instance: the Court may, at any time, direct "any material allegation to be inserted, struck out or modified, to conform the pleadings to the facts proved, when the amendment does not substantially change the claim or defense."  2 R. S., § 99, p. 48.  Under this liberal system of practice, we do not very

readily perceive the necessity, or utility, of a notice, in regard to instructions being given before the evidence has closed. Instructions are usually framed with reference to their application to the issues, as finally submitted, and the evidence heard. Such appears to have been the view of our law makers, as to special instructions asked by either party. We know of no reason why the same rule should not govern as to the general instructions of the Court. Certainly, general instructions can be framed about as readily as special ones, which have often exhausted the ingenuity of able attorneys, can be considered.

We are therefore of opinion, that the rule of the *Allen* Circuit Court, upon this subject, is thus repugnant to the law; and that in the case at bar, the Court was properly notified that it was the desire of one of the parties that the intructions should be in writing. The verbal explanations and illustrations in this case, by reading from books, was an error, which the Court, we think, could not, upon being reminded thereof, cure by the attempt to withdraw such illustrations and explanations from the jury. The instructions were voluminous—unnecessarily so, and, so far as we are informed by the record, the explanations, &c., were of such a character as to not be readily separated from the written charges made to the jury, and consequently the attempt to withdraw the same was well calculated to confuse and mislead the jury, as to what was really before them.

The conclusion thus arrived at, renders it unnecessary to look to some other questions attempted to be presented.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*L. M. Ninde* and *H. W. Puckett*, for the appellant.

*Crane & Smith*, for the appellee.