THE TOLEDO AND WABASH RAILWAY CO. v. DANIELS.

PLEADING.—In a complaint to recover the value of stock killed by a railroad company, in one count whereof the stock is described as common stock, and in another as stock of the full blood, such difference is sufficiently material to sustain and render proper separate counts.

The Toledo and Wabash R. R. Co. *v.* Daniels.

RAILROADS.—Where a railroad is kept securely fenced by the company, and the fence is destroyed by unavoidable accident, as by fire, and is repaired by the company within a reasonable time after its destruction, but before it is so repaired stock gets upon the track and is injured, the company will not be held liable therefor.

PRACTICE—INSTRUCTIONS TO JURY.—It is error for the Court to charge the jury verbally, when requested by either party to reduce its instructions to writing.

APPEAL from the *Miami* Common Pleas.

DAVISON, J.—*Daniels* sued the railway company to recover the value of five head of cattle, viz: four heifers and one cow, alleged to have been killed by the defendant's locomotive and cars, while running on her railway, at a point where it was not fenced. The complaint consists of two counts, each is founded on the statute, and is in the usual form. The only difference between them is, that in the first the cattle are described as of the full blood, but in the second as common stock. At the proper time the defendant moved that the plaintiff be ruled to elect on which count he would go to trial, and in default of such election, that the second count be stricken out, the two being, in effect, identical. This motion was overruled; thereupon the defendant demurred to the complaint, but her demurrer was overruled. These rulings are not erroneous. We have looked into the complaint and find it, in point of form and substance, unobjectionable. And the difference between the counts, to which we have referred, is, it seems to us, sufficiently essential.

Defendant answered: 1. By a denial. 2. That the road at the place where, &c., had been securely fenced; that a fire originating by accident had communicated to the fence and destroyed a part of it; that the defendant within a reasonable time, viz: twenty-four hours, after notice of its destruction, repaired and securely fenced the road at the place where,

&c., and that the injury complained of happened in the interim between the time the fence was destroyed as aforesaid and before the defendant had notice of the defect in the fencing, or had time to repair or rebuild the same, &c.    3. The same as the second, with the additional averment that the fence, before the fire, was in good repair, and that it was repaired as speedily after notice as was possible.    4. That the road had been securely fenced; that the fence had been suddenly destroyed by fire; that before the defendant had notice and time to repair, the plaintiffs cattle came upon the road where the fence had been burned and were injured, and that the carelessness of the plaintiff in suffering his cattle to go at large contributed to the result.    Demurrers to the second, third and fourth paragraphs of the answer sustained, and the defendant excepted.

The statute upon which this action is based contains the following provisions:

"SEC. 3.    On the hearing of the cause the court or jury hearing the same shall give judgment for the value of the animal or animals destroyed or injury inflicted, without regard to the question, whether such injury or destruction was the result of willful misconduct or negligence, or the result of unavoidable accident."

"SEC. 4.    This act shall not apply to any railroad securely fenced in, and such fence properly maintained by such railroad company."    Acts 1853, p. 113; Acts 1859, p. 106.

Under these provisions it is insisted that the defendant is liable, though the fence had been destroyed by "unavoidable accident," and was repaired within a reasonable time after its destruction.    This position seems to be incorrect.    The statute, as we construe it, does not refer to such "unavoidable accident" as may cause the destruction of the fence, but to such as occur on the road when it is not securely fenced, or when it is fenced and such fence not properly maintained.

The Toledo and Wabash R. R. Co. *v.* Daniels.

The demurrers concede that the road at the place where, &c., was, until destroyed by a fire, which originated by accident, securely fenced. And it seems to us that the fence, having been thus destroyed, should be deemed properly maintained, if the defendant repaired it within a reasonable time after it thus became insecure; *Munch* v. *The Central R. R. Co.*, 29 Barb. 647; still, however, the paragraphs are demurrable, because they do not allege that the defendant repaired the fence within a reasonable time after it was destroyed. But whether these paragraphs were or not valid defences to the action can not be regarded an important inquiry in the case, because the defendant on the trial was allowed, without objection, to introduce testimony conducing to prove all the facts affirmatively alleged in the answer. The issues made by the general denial were submitted to a jury who, in answer to questions propounded to them at the instance of the parties, found specially, and also found a general verdict for the plaintiff. Motion for a new trial denied and judgment.

The evidence is upon the record, and we have examined it carefully. It is to some extent conflicting, though its weight, it seems to us, does not sustain the findings of the jury. There was, however, some evidence which tended to support the verdict, and we would not, therefore, be inclined to reverse on the ground that it was insufficient. But there is a bill of exceptions in which it is alleged that the defendant, " before the evidence was commenced, asked and required of the Court, verbally and in writing, that the charge to the jury, and every modification thereof, should be in writing," and that notwithstanding the requirement thus made, the Court proceeded to charge the jury verbally, in the words following: "This is an action brought against the defendant to recover the value of the property alleged by the plaintiff to have been killed on said road. It has been intimated by the defendant's counsel that you may disregard the instructions of

the Court as to the law governing the case, but we say to you that you can not do that. The Court may err, but it is not the province of the jury to determine whether the law as delivered to them by the Court be correct or incorrect. If wrong, the party feeling agrieved by it, has his remedy by appeal to the Supreme Court." To the giving of this charge the defendant at the time excepted, on the ground that it was not in writing.

The code says: "When the argument of the cause is concluded, the Court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party." 2 R. S. (G. & H.) page 198, sec. 324. This provision seems to be imperative. Indeed we have often decided that when the Court has had timely notice of the desire of one of the parties that a written charge only shall be given to the jury, it is error to give a verbal charge, or if written to accompany it with verbal modifications or explanations. *Laselle* v. *Wells*, 17 Ind. 83; *Kenworthy* v. *Williams*, 5 Ind. 375; *Rising Sun Turnpike Co.* v. *Conway*, 7 *id.* 187. But the appellees argue that the spirit of the law has been complied with; that its purpose was to give the party, requiring instructions to be in writing, the benefit of a record containing the words used by the Court; that, in this instance, the judge, at the very time the objection was made, set out, in a bill of exceptions, the exact words used by him in his verbal charge, and hence the plaintiff has no right to complain. We are not inclined to adopt that argument. The statute, as we understand it, requires the Court, when asked for written instructions, to reduce them to writing, and then give them, as written, to the jury. This construction of the statute, in its strictness, as a rule of practice, imposes no hardship, and were the rule once relaxed it is easy to see that the object of it would be defeated. *The Turnpike Co.* v. *Conway, supra.*

We think that the Court, in charging verbally when requested to charge in writing, committed an error for which there should be a reversal.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*William Z. Stuart*, for the appellant.