The State v. Huber.

---

THE STATE OF KANSAS v. FRANK C. HUBER.

1. INFORMATION FOR MURDER; *Verdict must specify degree of guilt.* Upon an information charging murder in the first degree, the jury may find the defendant guilty of murder in the first degree, or murder in the second degree, or manslaughter in the first, second, third, or fourth degree; and if the jury do not specify in their verdict the degree of the offense of which they find the defendant guilty, their verdict is defective, and the court should on motion of the defendant grant a new trial.

2. VERDICT, *Sufficiency; When objection may be taken.* And in such a case, although the defendant may not except to the ruling of the court overruling his motion for a new trial, nor object to the sufficiency of the verdict in any other manner except by moving for a new trial, still he is not deprived of his right to appeal to the supreme court, and then raise the question of the sufficiency of the verdict.

3. CHARGE, *must be in writing.* Section 236 of the criminal code provides that the court "must charge the jury in writing;" and it is error to omit to do so in any criminal case.

4. FORMAL JUDGMENT, *must be entered.* Judgment must be regularly pronounced and formally entered in criminal cases to authorize the execution of the sentence. It is not sufficient that the process commanding the officer to carry the sentence into execution recites that the "defendant had been sentenced by the court."

## Error from Labette District Court.

HUBER was duly charged by information with the crime of murder in the first degree, and was tried upon such information at the June Term, 1871, of the district court. The jury returned a verdict finding " the defendant guilty in manner and form as he is charged in the information." The defendant was sentenced to suffer the penalty of death, but the record does not show the entry of such judgment upon the journal. The record shows that subsequently to the verdict an entry was made in the journal of a "warrant" for the execution of the defendant. Its style is: "The State of Kansas to the Sheriff of Labette County," and is in the ordinary form of process. Under several whereases it sets forth the proceedings in the cause, and among other things recites as follows: "And whereas, on the 8th day of July, 1871, at the June Term 1871 of the said district court of Labette county, in open court, the said Frank C. Huber, being then and there present in his own proper person, the said court then and there sentenced the said Frank C. Huber to be taken thence to the common jail of said Labette county, Kansas, and there kept for safe-keeping, until the first day of September, 1871, when he be taken from thence and conveyed by the sheriff of the said county to the place of execution, and there be hanged by the neck until he is dead," and concludes with a command to the sheriff to execute said sentence, and is signed by the judge of the district court. The defendant brings the case to this court by appeal.

*Lowe, Voss,* and *Wilkinson,* for appellant:

1. The verdict is contrary to law, and insufficient to support the judgment. It does not ascertain the degree of the offense of which the defendant is found guilty, and therefore no judg-

ment can be founded upon it: Crim. Code, § 239; *The State v. Reddick*, 7 Kas., 143.

Upon such a verdict the judgment is error upon the record, without motion or exception. Nothing is waived. The judgment to be valid must be warranted by the pleadings and the verdict. The error is apparent upon the record, and therefore no exception is necessary. Civil Code, § 542; Crim. Code, § 291; 2 Kas., 160; 12 Ohio St., 436; 4 Mass., 436; 6 Cranch, 221; 11 How., 669; 3 Wallace, 654.

Upon a criminal appeal this court is not bound by any technical rules in reference to the manner in which errors shall be shown. Sections 281 and 291 of the crim. code clothe the court with plenary power over the record, unembarrassed by any technical rules in reference to exceptions and motions applicable to civil causes. Nor is § 219 to the contrary. That merely provides a mode for bringing upon the record matter *in pais* which otherwise would be no part of the record.

2. The court erred in not charging the jury in writing, as required by law. Crim. Code, § 236. In *Craft v. The State*, 3 Kas., 485, this court held that it was error to omit to instruct the jury upon the degrees of manslaughter upon a trial for murder in the first degree. Upon the same principle it is error to omit to charge the jury in writing, both being imperatively required by statute. The record shows that no written charge was given. It fails to show that there was any waiver by the defendant, even if it is competent for such a waiver to be made. Such a disregard of the statute is error. 10 Ohio, 232; 17 id., 222.

3. Strictly speaking, there is no *judgment* in the cause. The civil code, § 395, defines a judgment as "the final determination of the rights of the parties in an action," and this is but the expression of the common-law definition. The record shows an entry on the journal of "a warrant" for the execution of the defendant; and this is all the judgment or evidence of judgment which the record contains. In a legal sense, this journal entry is certainly of itself no judgment. It recites that the court *had* sentenced the prisoner to death, but such a

recital of what had been done is not of itself an adjudication. (12 Wis., 313.) Moreover, it does not purport to be the act of the court but only of the judge. But while this order cannot properly be regarded as a judgment, it is undoubtedly such an order or final disposition of the cause as may be set aside and reversed on appeal, under §§ 281 and 291 of the criminal code. 1 Blackf., 37; 3 Wis., 362; 11 id., 91.

The opinion of the court was delivered by

VALENTINE, J.: The defendant Frank C. Huber was charged with murder in the first degree. He was tried, found guilty, and a warrant was entered upon the journal ordering that he should suffer death by being hanged. He now appeals to this court.

Murder in the first degree is the highest degree of the offense of felonious homicide and includes within itself every other degree of that offense. Upon an information or indict-

1. Verdict must specify degree of guilt. ment charging murder in the first degree the defendant may be found guilty of any degree of felonious homicide—of murder in the first degree, or murder in the second degree, or of any one of the four different degrees of manslaughter. Our statute requires that "upon the trial of any indictment or information for any offense whereby by law there may be conviction of different degrees of such offense, the jury, if they convict the defendant, shall specify in their verdict of what degree of the offense they find the defendant guilty." (Crim. Code, § 239.) The verdict of the jury in this case was as follows: "We the jury find the defendant guilty in manner and form as he is charged in the information." The verdict does not specify of what degree of the offense of felonious homicide the jury found the defendant guilty. The court of course erred in receiving such a verdict. It should have required the jury to so amend their verdict as to show of what degree of the offense they found the defendant guilty.

Afterward the defendant moved for a new trial but the court overruled the motion. Here again the court erred. It should

2. Objections to sufficiency of verdict. have sustained the motion and granted the new trial. The defendant cannot be executed under a sentence founded upon such a defective verdict. This has already been settled in this court in the case of *The State v. Reddick*, 7 Kas., 143, 154. That decision was founded not only upon the statutes of this state but also upon the almost if not entirely the unbroken current of decisions in this country. For the authorities we refer to that case. The defendant did not except to the ruling of the court overruling the motion for a new trial; nor did he object to the sufficiency of said verdict in any manner except by his motion for a new trial. This court however decides that notwithstanding the want of said exception or other objection as aforementioned, the defendant is not deprived of his right to appeal to this court and to now raise the question of the sufficiency of said verdict. The case of *Cobia v. The State*, 16 Ala., 781, is directly in point.

The defendant raises two other questions: First, he claims that the court below did not charge the jury in writing. If 3. Charge to be in writing. this is true, and it seems to be true from the record, of course the court erred in this respect. (Crim. Code, § 236.) Second, the defendant also claims that no judgment was ever rendered in the case. This seems also to be true. In that part of the record where we would expect to find the judgment, there is a warrant or order to the sheriff, signed by the judge of the court below, reciting that the defendant "*had been sentenced* by the court to be hanged," and then ordering 4. Formal judgment must be entered. the sheriff to hang the defendant. A formal judgment should have been rendered. But whether we consider said order to the sheriff a judgment, or a warrant, or an order, still the same must be reversed.

The cause will be remanded with the order that a new trial be granted, and such further proceedings taken thereon as required by law.

All the Justices concurring.