BRADY v. RENSSELAER AND SARATOGA RAILROAD COMPANY, appellant.

*Railroads — defective fences and cattle-guards — when fences and cattle-guards must be made in cities. Negligence.*

Plaintiff allowed his cow to go in charge of a boy into an open lot in the outskirts of the city of Albany, adjoining a railroad track and near a highway crossing. At the time the railroad fences were temporarily down, for the purpose of enabling the railroad company to make improvements. The boy, without the permission or knowledge of plaintiff, left the cow for a short time, and while he was absent she strayed on to the railroad track and was killed by a passing train. *Held*, that the railroad fences and cattle-guards being out of repair, the railroad company was liable for the loss of the cow, and the negligence of plaintiff would be no defense. It would be no defense even if plaintiff knew of the defects of the fence and cattle-guards.

While the statute relating to fences and cattle-guards (Laws of 1850, chap. 140, § 44) has been held not to apply to cities and villages, the reason of such a rule has no application to the outskirts of a city or village where the land is open and not occupied with buildings.

APPEAL from a judgment entered upon the verdict of a jury in an action brought and tried in the Albany county court. The plain-

tiff, John Brady, in July, 1872, owned a cow, which, on the day in question, was left in charge of a boy, who, in the afternoon, drove her from plaintiff's stable down to an open lot adjoining defendant's track, in the northern part of the city of Albany, near a crossing known as Holligan's. In the vicinity of this crossing defendant's roadway was being improved and repaired, and some of the fences at the crossing were temporarily and necessarily down for that purpose. The boy left the cow for a short time, and she strayed upon the track, either upon the crossing, or south of it, just as a regular train arrived at this point, and was struck and killed, and the engine and cars were thrown from the track and injured. At the close of plaintiff's testimony, defendant moved for a nonsuit on several grounds stated, and again renewed said motion at the close of defendant's testimony, but the motions were denied and the defendant excepted.

The jury found a verdict in favor of the plaintiff for $50, and the judgment having been duly entered, the defendant appealed.

*George W. Miller*, for appellant.

*A. J. Colvin* and *Anson Bingham*, for respondent.

MILLER, P. J. In *Bowman* v. *Troy & Boston R. R. Co.*, 37 Barb. 516, it was held, that where one suffered his cow to be at large in a public street and on the track of a railroad in a city, apparently alone and unattended, with no one to take charge of her, and where it did not appear that she was in the vicinity of the plaintiff's residence, or had been previously taken care of by him, or had escaped without his fault, or was lawfully traveling along the street, that he could not recover for injuries to the cow happening through the negligence of the railroad company. This was an extreme case and differs essentially from the case at bar, for here, the cow was kept and fed in the plaintiff's stable and only allowed to go out in charge of a boy employed for that purpose, and then not very far from the plaintiff's residence. The plaintiff had taken every precaution to guard against danger or accident, and it was the absence of the boy without the knowledge or consent of the plaintiff which enabled the cow to stray upon defendant's track where she was killed. There is a class of cases which hold, that

where the defendant was in default, the negligence of the owner in permitting the animal to run at large in the highway or to trespass upon the premises of a neighbor is not a defense. *Munch* v. *N. Y. C. R. R. Co.,* 29 Barb. 647 ; *Suydam* v. *Moore,* 8 Barb. 358. I am inclined to think that the judgment may be upheld, within the principle here laid down, and that the temporary absence of the boy in charge of the cow was no defense. Even if it may properly be urged that there was a question of plaintiff's negligence in the case, I am not prepared to say, that it was not for the jury to determine, under all the circumstances, whether there was negligence.

But independent of these considerations, I think that the case may properly be disposed of upon another ground. The defendant was bound to erect and maintain fences, and to construct and maintain cattle-guards at their crossing near which the cow was run over. Laws of 1854, chap. 282, § 8. This had been done ; but when the accident occurred the fence was temporarily removed for the purpose of repairing the track, and there was evidence to show, that the cattle-guard at the crossing was defective and insufficient, so that cattle could walk over the same. The defendant was clearly liable within the principle laid down in *Corwin* v. *N. Y. & E. R. R. Co.,* 13 N. Y. 49, by DENIO, J., that the design of the section was to require the railroad companies to inclose their tracks with substantial fences, and to guard them by ditches called cattle-guards, and that one method provided for securing that object was the provision charging the companies with damages for all injuries done to animals; that it had disregarded the statute, and that it was not material from where or under what circumstances the animals came upon the track, provided they were enabled to get there by the absence of cattle-guards. As was said in *Bradley* v. *B. N. Y. & E. R. R. Co.,* 34 N. Y. 432, " It is no excuse that the cattle, horses, etc., were at large in violation of law." The exceptions to this general rule are, where it appears that the plaintiff drove his cattle on the road and left them there, or did some positive act in creating the danger of his cattle, or in a case where a party voluntarily permits his cattle to stray upon the railroad track. *Corwin* v. *N. Y. & E. R. R. Co., supra ; Poler* v. *N. Y. C. R. R. Co.,* 16 N. Y. 480.

As the case stood there was no question of contributory negligence to submit to the jury, for even if the plaintiff had known of the defects of fence or cattle-guards, it would have been no defense. *Shepherd* v. *B. N. Y. & E. R. R. Co.,* 35 N. Y. 644, 645.

The point is not distinctly taken that the provision of the railroad act cited does not apply to cities and villages, and for that reason the defendant was excused. But if this can be urged, it is completely answered by saying that in the cases which sustain this doctrine it appeared that fences or cattle-guards had not been made and could not be made without creating nuisances or interfering seriously with the owners of property in villages, while here they were conceded to be necessary and actually made by the defendant. While the rule laid down might very properly apply to a populous city or village, or such portion of it as was built up, the reason of it would have no application to the outskirts of a city or village where the land was open and not occupied with buildings. But the rule has been restricted, and it is held that the statute as to cattle-guards at road crossings applies as well to streets in villages as to country highways. *Brace* v. *N. Y. C. R. R. Co.*, 27 N. Y. 269.

There was no error in any of the rulings upon the trial, and the judgment must be affirmed, with costs.

*Judgment affirmed.*