## THE CITY OF ATCHISON V. GEORGE JANSEN.

1. INSTRUCTIONS TO BE IN WRITING, *if Required by Either Party; Oral
   Remarks of Trial Judge.* The statute provides that in civil cases the
   court shall, when requested by either party, reduce its instructions to
   writing. This provision is mandatory, and a disregard of it is error,
   compelling a reversal. Hence, when the record contains several pages
   of instructions, which were given orally to the jury, in disregard of the
   demand of one party for written instructions, and some of which are
   plainly instructions upon the law of the case, and not mere directions
   as to the form of the verdict or other collateral matters; *held*, that this
   court must reverse the judgment on the petition of the party demanding
   written instructions, irrespective of the question whether such oral in-
   structions as are incorporated into the record, are correct statements of
   the law applicable to the case.

2. STATEMENT OF COURT TO THE JURY, *Held, Misleading and Prejudi-
   cial.* On the first trial of an action brought to recover damages for per-
   sonal injuries, sustained through the alleged negligence of defendant,
   the trial court sustained a demurrer to the plaintiff's evidence. On re-
   view, this court reversed this decision, holding that there was some
   testimony tending to sustain the allegation of negligence; and that,
   therefore, there was a question of fact to be submitted to the jury, and
   that the court erred in withdrawing the question from them. In the
   opinion, this court expressly declined to decide upon which side was the
   preponderance of the testimony, and stated what must be found to exist
   before negligence could be imputed to the defendant. On the second
   trial the court stated to the jury as follows: "On the first trial I did not
   think the plaintiff had any case, but the supreme court thinks he had a
   good case." *Held*, Misleading and prejudicial.

3. CITY, NOT AN INSURER OF STRENGTH AND SUFFICIENCY OF SIDE-
   WALKS; *Reasonable Care and Diligence.* Though a city builds its side-
   walks lifted above the ground upon posts, leaving openings underneath,
   or permits the owners of lots abutting to excavate areas under the walk,
   it does not become an insurer of the strength and sufficiency of the side-
   walk above such openings and areas. Its undertaking is to use reason-

able care and diligence — reasonable with reference to the risk and danger — in placing and maintaining suitable and sufficient plank or other covering of such openings and areas, and is responsible only in case of a failure to use such care and diligence.

4. PROXIMATE CAUSE OF INJURY; *Defective Sidewalk; Negligence.* Where the proximate cause of an injury is a defect in the sidewalk, the question is as to the negligence of the city in respect to that sidewalk, and not in respect to the existence of an area under the sidewalk, and that notwithstanding such area may have enhanced the injury resulting from the defect in the sidewalk.

## *Error from Atchison District Court.*

In September, 1873, *George Jansen,* the defendant in error, commenced his action against *The City of Atchison* and *A. G. Otis,* to recover damages in the sum of ten thousand dollars, by reason of personal injuries alleged to have been received by him on August 10th, 1873, through defects in a certain sidewalk of one of the public streets of the city of Atchison. Jansen's petition alleged, among other things, that on said 10th day of August, 1873, while he was lawfully and without any negligence on his part, walking along and over said sidewalk, on Commercial street, in the city of Atchison, the sidewalk broke through and precipitated plaintiff into an area under the walk, causing great and permanent injury to his person, etc.; and that said injuries were occasioned by the negligent construction by the defendants of said sidewalk, and by their negligent permission of the aforesaid defects in said sidewalk to continue, and from their negligent permission of an old, defective and dangerous sidewalk to remain and exist. The plaintiff also stated in his petition that the defendant *Otis* was the owner and possessor of the lot and premises on said Commercial street, in front of which the said defective sidewalk existed at the date of the injuries complained of. Other statements of his petition, the defenses set up by the defendants, and the material facts, sufficiently appear in the opinion in the case of *Jansen v. The City of Atchison,* 16 Kas. 358.

Trial at the June Term, 1874, of the district court.

36 — 21 KAS.

When the plaintiff rested, the defendants, *The City of Atchison* and *A. G. Otis,* filed separate demurrers to the evidence. These demurrers were sustained by the court, the jury was discharged, and judgment entered in favor of the defendants for costs. Jansen brought the case here on error, and upon review thereof in this court, the case was sent back with instructions to reverse the judgment in favor of the city, and grant a new trial; but the judgment in favor of defendant *Otis* was affirmed. (*Jansen v. City of Atchison,* 16 Kas. 387.) A second trial of the case was had at the November Term, 1876, of the district court, when the jury found for the plaintiff *Jansen,* and assessed his damages at $1,000. A new trial was refused, and judgment rendered for plaintiff *Jansen* and against *The City of Atchison,* defendant, in accordance with the above verdict. To reverse this judgment the defendant has brought the case here for review. Other facts appear in the opinion, *infra.*

*Aaron S. Everest,* and *B. F. Hudson,* for plaintiff in error:

The court erred in orally charging and in instructing the jury against the objections of the defendant, and in disregarding the request and demand of the said defendant, that the general instructions or charge of said court to the jury should be in·writing; and also erred in its oral instructions and oral charge to the jury against the objections of the defendant; and also erred in orally modifying and changing the written instructions which the court had given to the jury at the request of the parties to the action.

In support of the foregoing views, counsel cited the following cases: *Townsend v. Doe,* 8 Blackf. 328; *McClay v. State,* 1 Ind. 385; *Kenworthy v. Williams,* 5 Ind. 375; *Turnpike Co. v. Conway,* 7 Ind. 187; *Long v. Deal,* 16 Ind. 349; *Laselle v. Wells,* 17 Ind. 33; *Tenbrook v. Brown,* 7 Ind. 410; *Riley v. Watson,* 18 Ind. 291; *Railroad Co. v. Daniels,* 21 Ind. 256; *Widner v. State,* 28 Ind. 394; *Feriter v. State,* 33 Ind. 283; *Meredith v. Crawford,* 34 Ind. 399; *Hardin v. Helton,* 50 Ind. 319; *Railroad Co. v. Rowland,* 51 Ind. 285;

*Patterson v. Ball,* 19 Wis. 259; *Hardy v. Turney,* 9 Ohio St. 400; *Pierson v. Baird,* 2 G. Greene (Iowa), 235; *Strattan v. Paul,* 10 Iowa, 139; *Head v. Langworthy,* 15 Iowa, 235; *Dixon v. State,* 13 Florida, 636; *Coppage v. Commonwealth,* 3 Bush. (Ky.) 532; *Fry v. Shehee,* 55 Ga. 208; *Stewart v. State,* 50 Miss. 587; *Kellar v. Belleaudeau,* 5 La. Ann. 609; *People v. Beeler,* 6 Cal. 246; *People v. Payne,* 8 Cal. 241.

In this last case, (8 Cal. 241,) it was held that verbal modifications of instructions were erroneous, and when the instruction itself was required by the statute to be in writing, then each part composing it must also be in writing. *People v. Demint,* 8 Cal. 423; *People v. Ah Fong,* 12 Cal. 345; *People v. Woppner,* 14 Cal. 437; *People v. Chares,* 26 Cal. 78; *People v. Trim,* 37 Cal. 274; *People v. Sanford,* 43 Cal. 29; *People v. Bospero,* 44 Cal. 186; *People v. Max,* 45 Cal. 245. See, also, *Polly v. McCall,* 37 Ala. 20. In the case of *Miller v. Hampton,* 37 Ala. 342, the court say that one of the purposes of the law is, that there shall be no misunderstanding as to what the charge is. *Edgar v. State,* 43 Ala. 312, decides that in such cases the court cannot add any qualifications, and if any qualifications are so added, the judgment will be reversed for such error. The law is plain, direct and peremptory, and must be obeyed. To the same effect are the cases of *Lyon & Co. v. Kent, Payne & Co.,* 45 Ala. 656; *Knight v. Clements,* 45 Ala. 89; *Bush v. Glover,* 47 Ala. 168; *Williams v. State,* 47 Ala. 659. See, also, *Clarke v. State,* 31 Tex. 574; *Dorsett v. Crew,* 1 Col. 18; *Gill v. People,* 1 Col. 61; *State v. Cooper,* 45 Mo. 64; *Thompson v. People,* 4 Neb. 524; *Ray v. Wooten,* 19 Ill. 82; *Bloomer v. Sherrill,* 11 Ill. 483; *O'Hara v. King,* 52 Ill. 303; *O'Donnell v. Segar,* 25 Mich. 367; *Swartwout v. R. R. Co.,* 24 Mich. 407; *Mallison v. State,* 6 Mo. 399.

We further call attention to the remarks of the court in said oral charge, as follows: "On the first trial, I did not think plaintiff had any case, but the supreme court thinks he had a good case." We have carefully examined the opinion of this court in the case referred to by the court below.

(*Jansen v. City of Atchison,* 16 Kas. 358.) On page 384, the learned judge delivering the opinion, speaking upon the right of the plaintiff to have had the question as to the city having notice of the defect in the sidewalk submitted to the jury, says: "Now it seems to us that here was testimony which ought to have gone to the jury, and that the court erred in taking the question from them. We do not mean to intimate that a jury ought to find from this testimony that sufficient notice existed to charge negligence upon the city, but simply that here was *a question of fact* which it was for them, and not the court, to pass upon. And in order to guard against any misconception, we desire to emphasize the fact that, before the jury may find negligence, they must be satisfied that the city had notice of the defect, or had knowledge of facts sufficient to put it upon inquiry." We forbear comment.

The court also erred in giving instruction No. 5, requested by plaintiff, which was as follows:

"The jury are also instructed in this case, that the city of Atchison had no right to permit Mr. Otis, or any other person, to use any portion or part of the street as an area-way or opening, or to construct an area-way or opening therein; and if the jury find from the evidence that there was an opening or area-way under any part or portion of said street, constructed by Mr. Otis or any other private individual, and that the city of Atchison had notice thereof, or permitted said area-way or opening to remain there after a reasonable time had elapsed from its construction, so that it should have had notice thereof, and the jury further find from the evidence that any injury resulted to the plaintiff, without fault upon his part, on account of said area or opening, then the jury will find for the plaintiff."

There was no evidence upon which to base such instruction, and we submit that by this instruction the court told the jury that if there was an opening or area-way under any part or portion of said street constructed by a private individual, and the defendant had notice thereof, or permitted it to remain there after reasonable time had elapsed from its construction so that it should have had notice thereof, then the city would

be liable for injury, even if the covering or sidewalk was in a perfectly safe condition under all ordinary circumstances for persons traveling upon the street.   This certainly cannot be law, for even in such a case as stated in said transaction, the defendant would not be liable for some unforeseen injury resulting from some fortuitous circumstance which could not, in the ordinary course of events, be expected or anticipated as likely to occur. (*Smith v. Leavenworth*, 15 Kas. 86.)

In the case at bar, the area was not and could not be used for any other purpose in connection with the building, and, unlike the case above referred to, was not an opening in the sidewalk; but the area, if we may so term it, was covered over with a permanent walk, which was put down in such a manner as to entirely cover and close the same up.  Now this instruction excludes all idea of notice of any defect in the sidewalk to the city, either presumptive or actual, but holds the city liable upon the mere fact that an opening was permitted to remain under the sidewalk.   Can it be said that a city is compelled to fill up "with earth or other solid substance" every excavation or hole under its sidewalks, or that, upon a failure in this respect, it would be liable for every accident which might occur to travelers upon its walks?   We submit that this would be a harsh rule as to cities situated upon the bluffy banks of the Missouri river.

The court erred in giving instruction No. 12 requested by plaintiff, which was as follows:

"The jury are instructed that it is the duty of the city of Atchison to keep its streets and sidewalks, which it has established, in a safe condition, and that this duty cannot be surrendered or abdicated to the owners of the lots abutting on said streets or sidewalks, so as to make the city not liable; and the city of Atchison is liable for any injury to the plaintiff, caused by any opening or excavation made in the sidewalks with its knowledge or consent, expressed or implied, by the lot-owner, for the purpose of an area under said sidewalk, which did not occur by the fault or negligence of the plaintiff."

This instruction had no application to the facts in the case. There was no evidence tending to show that the defendant

had ever surrendered or abdicated to any person its duty in regard to the maintenance of a secure sidewalk. Nor was there any evidence that the claimed opening or excavation was ever made with the knowledge or consent of the defendant, either expressed or implied, or that any lot-owner had made the same for the purpose of an area under the sidewalk. We further submit that the defendant would not be liable, absolutely, by proof of the mere fact that there was an excavation or opening under the sidewalk.

The court erred in giving instruction No. 13 requested by plaintiff, which was as follows:

"The jury are instructed that the defendant had no authority to permit an area or opening to be constructed in or under a sidewalk by any private person, except for the purpose of passing and repassing; and if the jury find from the evidence that there was an area or opening under said sidewalk, by reason of which the use of the sidewalk over the same was rendered more dangerous, the city is guilty of negligence if it permitted said opening or area to remain after it could, by the exercise of reasonable diligence, have discovered such area or opening; and if the plaintiff received injuries without fault on his part, by reason of falling into such area, on account of defects in the sidewalk, the defendant is liable to plaintiff for any damages sustained by him."

There was no evidence upon which to base this instruction, nothing tending to show that the city had ever permitted an area or opening to be constructed in or under the sidewalk by any private person.

*Smith & Solomon*, and *B. P. Waggener*, for defendant in error:

We contend that instruction No. 5, given by the court, was within the case of *Smith v. Leavenworth*, 15 Kas. 81, and there was evidence to show that this area had been used for years on the most public street in the city of Atchison (Commercial street); that there was a pair of stairs leading down from the sidewalk into this area; that this stairway was open to public view, and no one passing on this sidewalk could help seeing the same; and that this area led into the cellar of the building through a door. That this sidewalk was covered by a

*rotten, old* and *defective* sidewalk, there can be no doubt. The evidence shows this beyond peradventure, and the jury so found.

"If the negligence of the defendant was the direct and immediate cause of the injury, and that of the plaintiff only the remote cause, or, if the negligence of the defendant was gross, and that of the plaintiff only slight, there is no such contributory negligence on the part of the plaintiff as will prevent his recovering." (*Pacific R. R. Co. v. John Houts,* 12 Kas. 328.)

"Though the rottenness of the stringers was not apparent, the circumstances might be such that a man of ordinary prudence would expect decay, and ought to have made examination." (*R. & W. H. Township v. Moore,* 68 Penn. St. 404; 9 Kas. 384.)

"Cities are liable for hidden defects in sidewalks." (*Burt v. Boston,* 122 Mass. 223; *Requa v. City of Rochester,* 45 N. Y. 129; *Wessenberg v. City of Appleton,* 26 Wis. 56; *City of Ripon v. Rittle,* 30 Wis. 614; *Mercy Dockes v. Gibbe,* 11 H. L. Cases, 687; *Davenport v. Ruckman,* 37 N. Y. 568.)

A municipal corporation must keep the streets and sidewalks in good repair, and is liable for neglect, whether willful or otherwise. (*Norristown v. Moyer,* 67 Penn. St. 355, 367; *Erie v. Schwingle,* 10 Harris, 384; *Pittsburg v. Grier,* 10 Harris, 55.)

Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for injuries caused by its neglect or omission to keep the streets or sidewalks in repair, as well as for those caused by defects occasioned by the wrongful acts of others. (Dillon on Mun. Cor., 2d ed., vol. 2, ch. 23, § 790, p. 920; *Huston v. Mayor, &c.,* 9 N. Y. 163; 67 Pa. St. 355.)

If the defendant made or continued a covered excavation on Commercial street, or on the sidewalk, then it is responsible for all injuries resulting from the way being thereby rendered less safe, in the absence of negligence in the party

injured. ( *Congreve v. Smith*, 18 N. Y. 79; *Smith v. Leavenworth*, 15 Kan. 81; *Requa v. City of Rochester*, 45 N. Y. 129; *Dygert v. Schenck*, 23 Wend. 446.)

Instruction No. 12, given by the court at request of plaintiff, and objected to by defendant, we contend was also law. By using this sidewalk and repairing the same, and recognizing it as a public sidewalk, the city becomes liable for injuries occasioned by its negligence in failing to keep it in repair. (*Requa v. Rochester*, 45 N. Y. 129.)

It is held that the city has notice of a defective or dangerous sidewalk, or the unsafe condition of the street, if such defect continues for such a length of time as to lead to the presumption that the city did in fact know, or with proper diligence and care might have known such defect. (*Roal v. Williams*, 29 Iowa, 210, 215; *Wend v. Jefferson*, 24 Wis. 342.)

The evidence in this case shows that the excavation or opening under the sidewalk existed a long time prior to the time the injuries were received by plaintiff, and that the sidewalk in front of the building was old, warped, defective and rough, and that the sidewalk covering the excavation or opening beneath was of cottonwood, old and defective. The fact that a person injured by a defect in the street or highway had previous knowledge of the defect is not conclusive evidence of negligence on his part; it is a fact to be submitted with other evidence to the jury. (*Smith and wife v. City of St. Joseph*, 45 Mo. 449.)

"The city is liable *primarily* for excavations or obstructions made or placed in or upon a street by a citizen for private purposes, and to guard against the occurrence or continuance of such defects some attention and oversight are required." (*Market v. St. Louis*, 56 Mo. 189; *Cusick v. Norwich*, 40 Conn. 375; *Boucher v. New Haven*, 40 Conn. 457; *Sterling v. Thomas*, 60 Ill. 264.)

The existence of a defect in the sidewalk of a prominent thoroughfare of a city for some months previous to the acci-

dent, is constructive notice to the city. *Moore v. Minneapolis,* 19 Minn. 300; *Reinhard v. New York,* 2 Daly ( N. Y.), 243.

"It is not required that the traveler's thoughts should be constantly upon the condition of the way over which he passes, as to its want of repair; that circumspection only is required which prudent men ordinarily use." (*Barton v. Springfield,* 110 Mass. 131.)

The counsel for the plaintiff in error claims that the court below gave oral instructions to the jury, which we claim is not a fact — the difference being that what was said by the court was only in explanation of the many instructions and particular questions of fact which the court was about to submit to the jury. This was no part of the charge, nor of the instructions in the case, within the meaning of subdivision 6, laws 1872, page 329, or of subdivision 7 of said laws; and this statute was not intended to include any and every question and answer passing between the court and jury, nor simple matter of explanation; neither does the statute contemplate any such thing. (*Patterson v. Ball,* 21 Wis. 243; *Millard v. Lyon,* 25 Wis. 516; *Grant v. Insurance Co.,* 29 Wis. 125; 30 Ind. 476; *Hasbrouck v. Milwaukee,* 21 Wis. 217; *State v. Potter,* 15 Kas. 302; *People v. Bonney,* 19 Cal.)

On this point we desire to say to the court, that in this explanation of the court of the special questions, etc., there are certain statements *now* appearing in this record which we have never before seen or heard of until we commenced to prepare our brief. Some sixty instructions asked by the parties were given by the court to the jury, and about eighty particular questions of fact were also submitted to the jury, and certainly defendants were not in the least prejudiced by the reading over to the jury of these instructions and particular questions of fact, and informing them how they should arrive at their answers. All of the propositions and statements made by the court were simply a reiteration of the contents of the written instructions given by the court, and no change or modification whatever was made of the writ-

ten instructions. How then can plaintiff in error claim that
it has been prejudiced?

The opinion of the court was delivered by

BREWER, J.: This is the second time this case has been in
this court. At first it was brought here to review the action
of the district court in sustaining a demurrer to the plaintiff's
evidence. (*Jansen v. The City of Atchison,* 16 Kas. 358.) The
ruling of the district court at that time was reversed, and it
was decided that there was a question of fact which, so far at
least as the present parties are concerned, ought to be sub-
mitted to a jury. A second trial was had, which resulted in
a judgment in favor of Jansen for the sum of $1,000, and
from such judgment the city brings error.

The first matter we shall notice is the error in giving oral
instructions. The law in force (section 1, subdivision 6, Laws
1872, page 329) provides that "when the argument of the
case is concluded, the court shall give general instructions to
the jury, which shall be in writing, and be numbered and
signed by the judge, if required by either party." And sub-
division 7 of said section provides further, that "all instruc-
tions given by the court must be signed by the judge, and
filed, together with those asked for by the parties, as a part
of the record."

It is true that the punctuation marks in this last sub-
division are such that the clause quoted, which is the last
part of the subdivision, seems limited in its application to
the previous clauses thereof, and the words, "all instructions,"
as referring only to the instructions provided for in that sub-
division; but a comparison of the entire section with the sec-
tion of the code in the general statutes of which it is an
amendment, makes it clear that there should be a period
where there is but a semi-colon, and that the sentence quoted
applies to the entire section, and includes all the written in-
structions provided for therein. Even if there were any
doubt as to this, subdivision 6, *supra,* is imperative, and

makes it the duty of the court, when required, to reduce its general instructions to writing. In the case at bar, the defendant fully complied with the statute in requiring all instructions to be reduced to writing. Notwithstanding this, the court instructed the jury orally in submitting the case, and these instructions thus given orally fill out eleven pages of the transcript. Further than that, as the record recites, " the court otherwise orally explained, modified and changed the said written instructions, against the objection of the defendant." The tenor and extent of these further changes is not indicated. Upon this, counsel for defendant in error say, and we quote from their brief :

*Instructions to be in writing, if required by either party; oral remarks of trial judge.*

" The counsel for the plaintiff in error claims that the court below gave oral instructions to the jury, which we claim is not a fact, the difference being that what was said by the court was only in explanation of the many instructions and particular questions of fact which the court was about to submit to the jury. This was no part of the charge, nor of the instructions in the case, within the meaning of subdivision 6, laws 1872, page 329, or of subdivision 7 of said laws, and this statute was not intended to include any and every question and answer passing between the court and jury, nor simple matter of explanation; neither does the statute contemplate any such thing. On this point we desire to say to the court that in this explanation of the court of the special questions, etc., there are certain statements *now* appearing in this record which we have never before seen or heard of until we commenced to prepare our brief."

We regret that there should ever be anything in a record to excite the suspicions of either party as to its verity, as would seem to be in this case, from the last remarks of counsel, but of course we must take the record as it was signed by the trial court and is presented to us; and, reading these oral instructions as we find them in the record, it is plain that the court instructed the jury in many matters upon the merits of the case. We make a single extract by way of illustration :

"In the instructions to the jury upon the question of no-

tice, several instructions have been asked by counsel on each side. I have modified them so as to submit what the court considers the law of notice, and shall consider this to apply so far as notice is concerned ; and, in order to guard against any misconception, we desire to emphasize the fact that, before the jury may find negligence, they must be satisfied that the city had notice of the defect long enough before the injury to have repaired the walk. I consider this remark applicable to all instructions given on the question of notice. We pass, then, to another proposition of the defendant, and here it contends that the defect was a latent or hidden one, and that the city had no notice of it. If this is true, then doubtless the city is not liable. I shall put it in such shape as to mean this: that before the city can be held responsible, if the defect was latent and not apparent, then it must have actual notice, or that it had existed for so long a time as to presume notice, or that its attention was sufficiently directed to the walk to put it upon inquiry. The rule would be different where the walk is built over an area, than if flat on the ground."

Nothing can be clearer than that in this the court is expounding the law of the case. We have had occasion heretofore to examine the question as to the necessity of written instructions, and the extent and scope of the statute, at least in criminal cases. (*State v. Potter,* 15 Kas. 302. See also, *State v. Huber,* 8 Kas. 447; *Prater v. Snead,* 12 Kas. 447; *State v. Mortimer,* 20 Kas. 93.) We do not deem it necessary to review the question at any length in this case. We refer to the valuable list of authorities prepared by counsel for plaintiff in error, as showing the extent to which courts have gone in enforcing statutes concerning written instructions, some more and some less stringent than ours: *Townsend v. Doe,* 8 Blackf. 328 ; *Turnpike Co. v. Conway,* 7 Ind. 187; *Laselle v. Wells,* 17 Ind. 33 ; *Riley v. Watson,* 18 Ind. 291; *Railroad Co. v. Daniels,* 21 Ind. 256 ; *Meredith v. Crawford,* 34 Ind. 399 ; *Hardin v. Helton,* 50 Ind. 319 ; *Railroad Co. v. Rowland,* 51 Ind. 285 ; *Patterson v. Ball,* 19 Wis. 259 ; *Hardy v. Turney,* 9 Ohio St. 400 ; *Strattan v. Paul,* 10 Iowa, 139 ; *Head v. Langworthy,* 15 Iowa, 235 ; *Dixon v. The State,* Fla. 636 ; *Coppage v. Commonwealth,* 3 Bush. (Ky.) 532 ;

*Fry v. Shehee,* 55 Ga. 208 ; *Stewart v. The State,* 50 Miss. 587; *Kellar v. Belleaudeau, et al.,* 5 La. Ann. 609 ; *Miller v. Hampton,* 37 Ala. 342 ; *Edgar v. The State,* 43 Ala. 312. And also authorities cited in the case of *State v. Potter,* 15 Kas. 302.

A second matter we shall notice, is this further extract from the oral charge: "The fact that the walk was dangerous and defective, shows negligence against the city. On the first trial I did not think the plaintiff had any case, but the supreme court thinks he had a good case."

This statement was misleading and prejudicial. When the case was here before, it came on error to the court's action in sustaining a demurrer to the plaintiff's evidence. Such a demurrer can never be sustained on a mere preponderance ; there must be a failure of testimony ; and the decision was, that there was no failure, and that there was a question of fact upon which the plaintiff was entitled to the opinion of a jury. We did not decide that the preponderance was with the plaintiff, and that the jury ought to have found in his favor. We expressly guarded against any such construction, in these words:

*Statement of court to jury; held, misleading and prejudicial.*

"We do not mean to intimate that a jury ought to find from this testimony that sufficient notice existed to charge negligence upon the city, but simply that there was *a question of fact* which it was for them, and not the court, to pass upon. And in order to guard against any misconception, we desire to emphasize the fact that before the jury may find negligence they must be satisfied that the city had notice of the defect, or had knowledge of facts sufficient to put it upon inquiry, long enough before the injury to have repaired the walk."

Now if the district court meant by the above expression that we had decided that the plaintiff's case was good enough to go to a jury, the statement was correct; but a jury would naturally infer from the statement something more, and that the opinion of this court, the tribunal of last resort, was that the plaintiff was entitled to a verdict, and that the jury ought to have found in his favor. Of course, such an opinion would have great weight with a jury. We all know how

carefully a jury scrutinize every expression from the trial court, and how quickly in any doubtful case they catch at any intimation and readily follow it in their verdict. Much more readily will they follow the deliberate opinion of the highest judicial tribunal. It stands with them as conclusive, and, yielding their own opinions, they will accept that as correct. Whenever, therefore, the decision of this court is stated to a jury, it should be so stated that they will easily and clearly comprehend the exact limits and scope of that decision. If it is wrong for the trial judge to throw the weight of his individual opinion into the balance to influence the decision of a jury upon a doubtful question of fact, (and that it sometimes, if not always, is wrong so to do, will not be questioned,) *a fortiori* it is much more of an injustice to so throw the opinion of this court, and especially when the opinion is so stated, as naturally to mislead them as to the scope and extent of that opinion. True, the language refers in terms to the case as shown upon the former trial; but unless something had occurred on the trial to make it plain that the plaintiff had less testimony than on the former trial, and we see nothing to indicate this, the jury would properly consider the facts identical and the opinion as fairly applicable to the case as it stood before them. We may remark here that the vital question in this case is one of negligence, and that the tendency of decisions is to regard this more and more as a question of fact, and one to be solved by a jury rather than the court; and the case at bar is a good illustration of the propriety of this rule.

Another matter we shall notice is the following instruction:

"5. The jury are also instructed in this case, that the city of Atchison had no right to permit Mr. Otis, or any other person, to use any portion or part of the street as an area-way or opening, or to construct an area-way or opening therein; and if the jury find from the evidence that there was an opening or area-way under any part or portion of said street constructed by Mr. Otis or any other private individual, and that the city of Atchison had notice thereof, or permitted said

area-way or opening to remain there after a reasonable time had elapsed from its construction, so that it should have had notice thereof, and the jury further find from the evidence that any injury resulted to the plaintiff, without fault upon his part, on account of said area or opening, then the jury will find for the plaintiff."

It will be borne in mind that the plaintiff's injuries resulted, not from falling into an uncovered area or opening, but from the breaking of a part of the sidewalk covering an area upon which he had stepped, thus precipitating him beneath. This instruction must be construed with reference to the facts in the case, and it is unnecessary, therefore, to inquire whether the mere fact of leaving an uncovered opening in the walk would be such negligence as to render the city liable for any injuries which one might sustain in falling into it under any and all circumstances. But the inquiry is, whether the mere fact that the city knowingly permitted an area or opening to be made and continue under the sidewalk, irrespective of any question of the sufficiency or suitableness of the covering of such area or opening, renders the city liable for all injuries which one may suffer who, without fault on his part, breaks through such covering and falls into the area. In other words, is the city an insurer of the strength

*City, not an insurer of strength and sufficiency of sidewalks; reasonable care and diligence.*
and sufficiency of such covering? Accidents may happen, notwithstanding the utmost care. Does it warrant against all accidents? We think not. Whether it builds the sidewalks so as to rest entirely upon the ground, or builds them upon posts, pillars or walls, leaving openings beneath, the measure of its legal obligation is the same. It must use reasonable care and diligence in making the walk strong and safe. The amount of care and diligence, to be reasonable, may vary with the circumstances of the case. More precaution may be needed where the walk is lifted twenty feet above the ground, than where it rests directly upon the dirt; but in all cases it must be, relative to the danger and risk, reasonable care and diligence. That sidewalks may be built above the ground and on posts, was decided in *Challiss v. Parker*, 11

Kas. 384. Indeed, every one knows that they are constantly so built. Whoever under such circumstances builds up against the sidewalk, will have an area in front of his building underneath the sidewalk. So in all cities it is customary to open areas under the sidewalk in front of business houses, for light and ventilation. It would be burdensome, indeed, if in all such cases the city were an insurer of the strength of the sidewalk above such area; that no matter what care and diligence it had used, what precautions taken, it should be responsible for all injuries which anyone might sustain therefrom, if without fault on his part; that though it had done all which human prudence and foresight could suggest, it must nevertheless respond in damages. Such is not the law. Such was not the decision in *Smith v. Leavenworth City*, 15 Kas. 81, nor the intimation in the opinion filed when this case was here before. Indeed, the whole scope of the discussion in this respect therein was as to the negligence of the city in failing to discover and repair the defect in the sidewalk, not as to its ignorance of the existence of the area.

The 12th and 13th instructions given at the instance of the plaintiff are obnoxious to the same criticism as the one just noticed. They assume that the city is absolutely liable where injuries result without fault on the part of the party injured in consequence of a defect in the sidewalk above any area or opening. They ignore the fact that the proximate cause of the injury was the condition of the sidewalk, and that the existence of the area beneath, while it may have enhanced the injury, was not its proximate and direct cause. The city may have been negligent in permitting the area to continue, but if it was guilty of no negligence in respect to the sidewalk, it was not responsible for injuries resulting from a defect in it. The existence of the area may be important in determining whether the care and diligence exercised by the city in reference to the sidewalk was reasonable or not, but its existence does not of itself make the city responsible in case the sidewalk decays and breaks. We might perhaps notice some other matters

*Proximate cause of injury, defects in sidewalk; negligence.*

in the instructions, but these are all the questions whose decision we think necessary for the further trial of this case.

We may remark, that in the preparation of instructions and questions to the jury, as well as in the preparation of the record for this court and the briefs of counsel, it appears as though the parties were actuated by the one desire of seeing how much paper and ink they could waste. The defendant submitted one hundred and twelve special questions and asked fifty special instructions, while the plaintiff submitted twenty-six questions and asked nineteen instructions. The petition in error extends over thirty-three pages, and contains one hundred and three specifications. The transcript stops at the 786th page, and the brief of counsel for plaintiff in error is a closely-printed book of 122 pages. Now, when the facts are many and complicated, and the case presents a series of questions, new, important, and intricate, we have no disposition to complain of the industry of counsel or the fullness of any record or brief; but in a case like the present, we think such prolixity an imposition upon both the trial court and this, and one that will often of itself justify an affirmance of the judgment. Indeed, we were no little inclined to think that such ought to be our disposition of this case; but on reflection we have concluded, for the errors noticed, that it was our duty to reverse the judgment and remand the case for a new trial, and it is so ordered.

VALENTINE, J., concurring.

HORTON, C. J., not sitting in the case, having been of counsel in the court below.