BROWN, PLAINTIFF IN ERROR, v. CRAWFORD, FOR THE USE
OF TAYLOR, DEFENDANT IN ERROR.

1. INSTRUCTIONS MUST BE IN WRITING.

It is error to instruct a jury orally.

2. SAME, ERROR NOT CURED, WHEN.

At the trial objection was made to instructing the jury orally. The
court, however, gave oral instructions, but directed the stenogra-
pher to note and extend those given. After argument the instruc-
tions were extended and signed by the judge. *Held*, that the error
was not thereby cured.

*Error to the County Court of Arapahoe County.*

Messrs. C. E. & F. HERRINGTON, for plaintiff in error.

Mr. GEO. F. DUNKLEE and Mr. O. E. JACKSON, for de-
fendant in error.

RICHMOND, P. J., delivered the opinion of the court.

This was an action to recover commissions alleged to have
been earned by D. G. Taylor, for whose use this suit is
brought, in procuring the purchaser for certain real property.
The record discloses that after the production of the testi-
mony and before the argument by the respective parties, the
defendant presented written instructions to the court, and at
the same time objected to the court instructing the jury
orally.

The court proceeded however to instruct the jury, but re-
quested the stenographer of the court to note the instruc-
tions given.

At the conclusion of the instructions and before the argu-
ment, the defendant again excepted to the instructions as
given, because the same were given orally; and excepted to
the instructions generally, as well as to the refusal of the
court to give the instructions asked by him.

It also appears from the record that after instructing the jury orally, and subsequent to the argument, the instructions as given and taken by the stenographer were extended and signed by the judge.

Subdivision 6 of section 187 of the Code, provides that, " Before the argument is begun, the court shall give such instructions upon the law to the jury as may be necessary, which instructions shall be in writing and signed by the judge." Session Laws 1887, page 156.

In thus giving the instructions we think the court erred and violated the express provisions of the practice act above referred to. The extension of the instructions by the stenographer and the signature of the judge did not cure the error. The language of the Code is that it shall be given in writing before argument, and signed by the judge.

In the case of *Rich v. Lappin*, 43 Kans. 666, it was held that, " The district court must give its instructions to the jury in writing, when requested so to do by either party; and the giving of them orally and having them taken down by a stenographer, and after the jury has retired having them written out by the stenographer, is not sufficient."

In *Rising Sun etc. Co. v. Conway*, 7 Ind. 187, it was held that, " When the court is requested, at the proper time, to give its charge to the jury in writing, the whole charge should be in writing, and should be given literally as it is written." *Laselle v. Wells*, 17 Ind. 33 ; *T. & W. R. R. Co. v. Daniels*, 21 Ind. 257.; 2 Thompson on Trials, § 2376.

Where the statute requires a written charge to the jury it is error for the court not to comply with it, and compels a reversal of the judgment. *The State v. Potter*, 15 Kans. 302.

In the case of the *City of Atchison v. Jansen*, 21 Kans. 560, this doctrine is announced: " The statute provides that the court shall, when requested by either party, reduce its instructions to writing. This provision is mandatory, and a disregard of it is error, compelling a reversal. Hence, when the record contains several pages of instructions, which were given orally to the jury, in disregard of

the demand of one party for written instructions, and some of which are plainly instructions upon the law of the case, and not mere directions as to the form of the verdict or other collateral matters, the court must reverse the judgment irrespective of the question whether such oral instructions as are incorporated into the record, are correct statements of the law applicable to the case."

The foregoing authorities have received the sanction of the supreme court of this state in *Montelius v. Atherton,* 6 Colo. 224; *Lee v. Stahl,* 9 Colo. 208.

For this error alone the judgment of the court below must be reversed.

We do not think it necessary for us to review the testimony in the case, or pass upon the other questions presented by the assignment of errors.

The judgment must be reversed.

*Reversed.*